The Court,
however, refused to render judgment.
Motion denied.(a)

 The rule seems to be well settled, that sentence of corporal punishment cannot be given against a convict without his actual presence. (Lofft, 400.) This has been directly held in respect to punishment by the pillory, for perjuiy; on which occasion the rule will be found stated as above in respect to all corporal punishment. (Ld. Raym. 267. 1 Salk. 400. Skin. 684.) Corporal punishment seems to mean any hind of corporal privation or suffering which is inflicted by the sentence, directly by way of penalty for the offence; and in this sense, of course, includes imprisonment, (vide 1 Chit Cr. L. 709, 712,) as well as of the pillory. It is set in contradistinction to afine; (1 Salk. 56; Lofft, 400;) which latter may, in the discretion of the court, be awarded in the absence of the defendant. (Vide 1 Chit. Cr. L. 695.) On the other hand, where a man was convicted upon an indictment at common law, of decoying sailors on board a ship, though the offence was extremely light of its kind, and the crown inclined to mercy, and it was agreed, on all hands, that the most trifling corporal punishment should be imposed, the court said they could not impose it in ahsentem. At last, by the consent of the attorney general, upon warrant, they set a fine of Is. (Lofft, 400.) Thus, the power of sentencing in absence seems confined to the case of fine exclusively