## SUPREME COURT.

JOHN LATTIMORE, plaintiff in error, agt. THE PEOPLE, defendants in error.

Courts of *special sessions* are courts of special and limited jurisdiction, deriving their powers from the statute; and, in their proceedings, must pursue the statute *strictly.*

It is as a *court,* and not as a justice of the peace, merely, that the magistrate *renders judgment.* And the record must show that the court was *in session* when it was rendered.

Where the record showed that, on there ndition of the verdict of the jury before a justice of the peace holding a court of special sessions, and at the request of the prisoner, judgment was suspended, and the court held open until a future hour in the day at the same place; and at the latter hour and place

Lattimore agt. The People.

the justice was present, but the prisoner did not appear; and on the *next day* the prisoner was taken before the justice at another place from where the court was held the previous day, and the justice then and there rendered judgment upon the verdict; and ordered and adjudged that the prisoner pay a fine of $15, and stand committed until such fine should be paid—*held,* that such judgment was a *nullity*—

Because, it did not appear that there was any continuance of the court after the preceding day, by holding open, or postponement, or otherwise, and it was consequently ended; and the justice had no power to revive or reorganize a court of special sessions at a subsequent period, for the purpose of rendering judgment. The statute confers no such power. The court which tries must render the judgment, and it must be done during the continuance of the court at which the trial is had.

There is no force in an objection that a *second venire* (where the jury have disagreed once) is made returnable in *two days*, instead of being made returnable forthwith. The provision of the statute which allows the *venire* to be made returnable not more than three days from its date, (2 *R. S.* 711, § 9,) applies to any *venire* which it becomes necessary to issue.

*It seems* that an *adjournment* of a court of special sessions, during a trial, without the assent of the prisoner, would, under the statute, be erroneous. But the justice may keep such court open, or continue it for a given time, to enable him to render a proper judgment

*Steuben Special Term, February,* 1854.
CERTIORARI to court of special sessions.

GEO. B. BRADLEY, *for plaintiff in error.*
J. HERRON, *for people.*

JOHNSON, Justice. It appears, by the return of the justice who held the court of special sessions, that the jury rendered their verdict in court about 3 o'clock in the morning, on the 16th of June, 1853.

The trial commenced before the jury on the 15th. On the coming in of the jury with their verdict, a question was raised by the plaintiff in error, as to the judgment to be rendered; and, at his request, the court was held open until 12 o'clock of the same day, at the office of H. S. Williams, to give him and his counsel an opportunity to examine the question so raised.

The prisoner, in the meantime, was directed to remain in the

custody of the officer by whom he was arrested. The justice attended at the hour and place, but the prisoner did not appear. On the subsequent day, the 17th, about noon, the prisoner was taken before the said justice at his, the said justice's, dwelling-house, whereupon the justice then and there rendered judgment upon the verdict; and ordered and adjudged that the prisoner pay a fine of fifteen dollars, and stand committed until such fine should be paid. The court was held at the house of John A. Parker, in the town of Woodhull. The return does not show that the court was held open, or continued in any way, after the justice attended at the office of H. S. Williams, at 12 o'clock on the 16th, to which time it was held open at the request of the prisoner; nor why judgment was not at that time rendered. It only shows that the prisoner did not attend at the time and place, and that he was brought before the justice at his dwelling-house on the succeeding day, and that judgment was then rendered.

The principal ground of error alleged is, that the justice had no authority to render judgment on the 17th, at his dwelling, at which no court had been held or appointed, or adjourned, or elsewhere.

That the judgment should have been rendered immediately upon the rendering of the verdict, or at least at the hour of twelve on the same day to which the court was held open.

It is clear enough, that any such judgment is entirely unauthorized and void, unless rendered by a justice when sitting as a court of special sessions, having at the time jurisdiction of the person of the prisoner, and the subject-matter of the complaint. And this must be shown by the record, and will not be intended in favor of the justice. Courts of special sessions are courts of special and limited jurisdiction, deriving their powers from the statute, and must pursue the statute strictly.

It is as a court, and not as a justice of the peace merely, that the magistrate renders judgment. And the record must show that the court was in session when it was rendered.

There is nothing in the statute which requires a court of special sessions to render judgment forthwith, upon the delivery

of the verdict by the jury, as in civil actions before a justice; but undoubtedly it must be rendered during the continuance of the session of the court, and before it is at an end.

In courts of oyer and terminer and courts of sessions, the judgment must be rendered at the same term at which the prisoner is convicted, unless the proceedings are stayed. (1 *Chit. Crim. Law,* 699.)

There was, in my judgment, no error in the justice holding his court open after the delivery of the verdict, and before rendering judgment thereupon, at the request of the plaintiff in error, until 12 o'clock of the same day,—at least, none of which he can take advantage. But he should at that hour, I think, have rendered his judgment. The presence of the prisoner at that time was not necessary to enable him to render the judgment he undertook to render on the following day. (*Low* agt. *The People,* 12 *Wend.* 344.) And, as the return is silent upon the subject of any continuance of the court of special sessions, after 12 o'clock on the 16th, by holding open, or postponement, or otherwise, and only shows a rendition of judgment on the succeeding day, and at a place different from that at which the trial was had, or that to which it was held open on the 16th, the sessions must be regarded as having come to an end. This being so, the justice had no power to revive or reorganize a court of special sessions at a subsequent period, for the purpose of rendering judgment. The statute confers no such power. The court which tries must render the judgment, and it must be done during the continuance of the court at which the trial is had.

I am of opinion, therefore, that the judgment in this case was a nullity for this reason. There is no force in the objection that the second *venire* was made returnable in two days, instead of being made returnable forthwith.

The first jury disagreed, and were discharged. It was then the duty of the justice to issue a new *venire.* (*Vanderwerker* agt. *The People,* 5 *Wend.* 530.) The statute, when the prisoner elects to be tried by a jury, requires the court to issue a *venire* for a jury, which is to be made returnable at a place and at a

time named therein, not more than three days from the date of the *venire*. (2 *R. S.* 711, § 9.) This provision applies to any *venire* which it becomes necessary for the court to issue for the purposes of such a trial. But if there had been error in making the *venire* returnable at the expiration of two days, it would have been waived and cured by the prisoner appearing and going to trial without objection.

All the adjournments, as appears by the return, were at the request and with the consent of the plaintiff in error. It has been repeatedly held, that an adjournment by a court of special sessions at the request of the prisoner, and for his convenience, is no error. (*Beebe* agt. *The People*, 5 *Hill*, 32.) The statute does not authorize a court of special sessions to adjourn; and I apprehend that an adjournment by the court, without the assent of the prisoner, would be erroneous, and perhaps put an end to the proceedings should he refuse to appear, or object to the trial proceeding on the adjourned day.

The counsel for the plaintiff in error insists, that the justice holding the special sessions has no power to keep his court open, or to continue it for any given time after a trial, for any purpose whatever, but must proceed and render judgment immediately, or his power and authority are at an end.

But it seems to me he must necessarily have the right to continue it, by keeping it open or otherwise, as long as may be necessary to enable him to render the proper judgment. The statute (2 *R. S.* 714, § 19) makes it the duty of the court, whenever the defendant, whether tried by the court or a jury, shall be convicted, to render judgment thereupon. As we have before seen, the statute does not, in terms, require the court to render it forthwith. If the defendant is acquitted, he shall be immediately discharged. (§ 20.) If the judgment is for the infliction of corporal punishment, it cannot be pronounced in the absence of the prisoner. (*Low* agt. *The People, supra. The People* agt. *Winchell*, 7 *Cow.* 525, and note *b*.)

Suppose the prisoner should escape after the trial, and before judgment could be rendered upon the conviction, would the power of the court over him, and its right to pronounce judg-

ment, be gone? Clearly not. The court, in such a case, could, without doubt, I think, be held open or continued until he should be retaken and brought before it to receive sentence. Otherwise it would be in the power of a prisoner, after conviction, to prevent a judgment, and escape punishment in many cases, at his pleasure. The power must exist of necessity, to enable the court to perform its duty. The prisoner, after the court convenes, is to remain in the custody of the officer having him in charge, until the termination of their proceedings. (2 *R. S.* 712, § 5.) But, in a case like that, the return should show that the court was held open or continued, and the purpose for which it was continued. But this question does not arise in this case, as there was no necessity for the plaintiff in error being present when the judgment was pronounced, and no necessity for any further continuance of the court after 12 o'clock at noon on the 16th.

And as the return shows nothing upon the subject, the special sessions, at which the plaintiff in error was tried, must be taken to have ended before the judgment was rendered, and it is therefore void, and must be set aside.

Ordered accordingly.