HOPESTIL TURNER, overseer of the poor of Kortright, *vs.* ALEXANDER HADDEN and WILLIAM HADDEN.

TURNER AND DONNELLY, overseers of the poor of Kortright, *vs.* THE SAME.

THE SAME *vs.* THE SAME.

Taking a bond of indemnity, by overseers of the poor, against the expenses of supporting a poor person, is not a violation of the statute which prohibits a sheriff or any other officer from taking any bond or other security, by color of his office, in any other case or manner than such as are provided *by law.* (2 *R. S.* 286, § 60.)

Such a bond, unless it be taken by the obligees wrongfully, under the pretended authority of their office, and grounded upon corruption to which the office is a mere shadow of color, is valid.

Children being under a legal obligation to support their indigent parent, that liability is a sufficiently good consideration for upholding a promise by the

Turner *v.* Hadden.

sons of a poor person to the overseers of the poor to defray the necessary expenses of supporting her.

Taking indemnity by a public officer, is not unlawful because not expressly authorized by statute. If the obligation is good at common law, it is not avoided by the statute.

An action upon a bond given to overseers of the poor, to defray the necessary expenses of supporting a poor person, and a recovery therein, for the expenses of supporting the person named, up to a certain period, is no bar to a second action, to recover for subsequent support, where it appears that in the first action damages for an *entire* breach were not recovered. PARKER, J., dissented.

In an action upon a bond of indemnity against *support*, *funeral expenses* cannot be recovered.

APPEAL by the plaintiffs in each of the above actions from judgments of the county court of Delaware county, reversing judgments obtained in a justice's court. The cases were substantially these: On the 25th of May, 1866, the defendants executed to the plaintiffs' predecessors in office as overseers of the poor, a bond conditioned to " defray the necessary expenses of supporting Nancy Hadden, our mother."

During the month of December, 1867, the plaintiff, Turner, recovered a judgment, upon that bond, against the defendants, for the expenses of supporting Mary Hadden up to December 21, 1867. The present actions were brought to recover the expenses of her support since that time.

Upon the trial, before S. C. Lockwood, Esq., justice of the peace, the plaintiffs recovered. Upon an appeal by the defendants, the judgments were reversed by the county court, and the plaintiffs appealed to this court.

*Wm. Gleason,* for the plaintiffs.

*M. B. Champlin,* for the defendants.

*By the Court,* POTTER, J. The respondents claim, as the principal ground of error, that this bond is void, because taken *colore officii.* (2 *R. S.* 284. *Id.* 473, § 59, *4th ed.*)

But it has been repeatedly held that the word "law," as used in that statute, is not restricted to the statute law, but that if the obligation is good at common law, it comes within the meaning of the enactment cited. (*Decker* v. *Judson*, 16 *N. Y.* 442, *and authorities cited.  Griffiths* v. *Hardenbergh*, 41 *id.* 469.) Unless, then, this obligation was taken by the plaintiffs' predecessors "wrongfully," "under the pretended authority of their office," and "grounded upon corruption to which the office is a mere shadow of color," (16 *N. Y.* 442,) it is valid. But there is no proof that it was so taken. Besides this, the statute has created a legal liability on the part of children to support their indigent parent. (2 *R. S.* 614.) This legal liability, (to say nothing of the moral liability arising from the law of nature,) is a sufficiently good consideration for supporting the defendants' promise. It would even be a good original consideration, and sufficient to support a promise, if there existed no relationship between the parties.

It is further urged by the respondents that the judgment recovered before the justice, in December 1867, is a bar to these actions, because the plaintiff then recovered damages for an *entire* breach of the bond. But the proof here shows that entire damages were not recovered, in that action, and the case of *Shaffer* v. *Lee*, (8 *Barb.* 412,) is permissive only. The court there held that when the plaintiff *elected* to consider the breach entire, he could recover full and final damages for the future as well as the past. And the case of *Beach* v. *Crain*, (2 *N. Y.* 86, 93,) is decisive against this argument. It is a familiar principle, in determining the meaning of a contract, that the subject matter, the circumstances of the parties, and their intentions, are to be drawn from these considerations. It could not be supposed, in this case, that an action for a certain number of weeks' board was intended for one

Turner *v.* Hadden.

*entire* satifaction for the liability created. The evidence against this view is conclusive.

There are other questions raised, but they are not of sufficient merit to require discussion. From the case of the respondent, made in the last of these cases, it appears that the justice allowed for the expense of the coffin of the deceased. This charge would not seem to be covered by the terms of the contract.

I am of the opinion that the first two judgments of the county court should be reversed, and those of the justice's court affirmed, with costs; and that the third judgment of the justice should be modified, by striking out the charge for the coffin, and the judgment of the county court reversed, without costs to either party.

PARKER, J., (dissenting.) I think the county court was right. The bond purports to bind the obligors "in *the sum* of sufficient amount to defray the necessary expenses of supporting Mary Hadden, our mother." The plaintiffs had recovered judgment on the bond, for boarding Mary Hadden up to December 21, 1867. These three actions were brought afterwards, to recover for boarding her up to April 1868, October 1, 1868, and down to her death, and for expenses of her burial.

The undertaking was not a continuing one, to pay the actual expenses for the maintenance, but a single one, to pay *a sum*. Besides, this is not an official bond which passes to successors; and such successors cannot maintain an action on it. I am for affirmance.

[THIRD DEPARTMENT, GENERAL TERM, at Ogdensburgh, November 7, 1871. *Miller*, P. J., and *P. Potter* and *Parker*, Justices.]