## PEOPLE *v.* STARKS.

### PEOPLE *ex rel.* STARKS *v.* BATTEN, Sheriff.

*(Supreme Court, General Term, Fifth Department. June, 1888.)*

1. CRIMINAL LAW—BAIL TO AWAIT ACTION OF GRAND JURY—WHEN REFUSED.
   Where defendant is charged with a violation of the excise law, of which courts of special sessions have exclusive jurisdiction under Code Crim. Proc. § 56, subd. 30, and where no request is made, under sections 57, 58, for adjournment to procure an order of removal, an application to be permitted to give bail to await the action of the grand jury was properly refused, section 211, providing that a defendant shall be informed of his rights to be tried by a jury after indictment, relating solely to cases so triable, and not to those of which courts of special sessions have exclusive jurisdiction.

2. SAME—COURT OF SPECIAL SESSIONS—JURISDICTION.
   The amendment of Code Crim. Proc. § 56, giving the court of special sessions exclusive jurisdiction in certain cases, being subsequent to the enactment of section 211, giving a defendant a right to be tried by a jury after indictment, repeals so much of the latter section as is inconsistent with its provisions.

3. SAME—JURISDICTION—COURT OF SESSIONS.
   Under Code Crim. Proc. § 764, the court of sessions can modify the sentence of the court of special sessions.

4. SAME.
   Where, on a hearing of a writ of *habeas corpus*, a sentence of a court of special sessions was declared to be illegal and void, but the judgment of conviction was not passed on, and the prisoner was remanded to that court for further proceedings, and that court refused to act, and thereafter the conviction on appeal was affirmed by the court of sessions, and the original sentence was modified, the court of special sessions properly refused to entertain jurisdiction, and the action of the court of sessions, which alone had jurisdiction, was in all respects regular, and its sentence and judgment should be executed.

Appeal from Niagara county court; LEWIS, Justice.

Harmon Starks was convicted of a violation of the excise law in the court of special sessions, which judgment was affirmed by the Niagara county court, and defendant appeals.

*Richard Crowley*, for appellant.   *W. M. Jones*, for respondents.

DWIGHT, J.   The defendant in the first appeal, the relator in the second, was convicted, in a court of special sessions in Niagara county, of a violation of the excise law, and sentenced to pay a fine of $50, and be confined in the Erie county penitentiary for the term of four months.   Upon a certified copy of such conviction and sentence, he was delivered to the custody of the keeper of the Erie county penitentiary; but, having already appealed from the judgment to the court of sessions of Niagara county, and the appeal being allowed, he was, on the same day, admitted to bail, pending the appeal, and discharged from custody.   Some months afterwards, and before the hearing of the appeal, the discovery seems to have been made that, by reason of the expiration of the contract between the two counties, before the judgment of the special sessions was rendered, the Erie county penitentiary had ceased to be the proper place of confinement for Niagara county prisoners sentenced for terms for less than one year, and that the sentence was for that reason illegal.   Thereupon the relator was surrendered, by his bail, to the keeper of the Erie county penitentiary, and immediately sued out a writ of *habeas corpus*, returnable before Mr. Justice CORLETT, of the supreme court, to inquire as to the cause of his imprisonment.   On the return of that writ, an order was made discharging the relator from the custody of the keeper of the penitentiary, and remanding him to the custody of the constable who had executed the warrant of commitment of the court of special sessions, "to the end," as the order states, "that he might be taken before the said court of special sessions, and such proceedings there be taken, upon the conviction already had therein, as might be lawful in the premises."   The constable took his prisoner before the justice of the peace who held the court of special sessions in which the conviction was had, but the justice very properly declined jurisdiction of the case, and the prisoner went at large.   Thereafter the appeal from the judgment of conviction came on to be heard before the court of sessions, where the conviction was affirmed, and the sentence modified to imprisonment in the county jail of Niagara county for the term of 60 days, and a fine of $25.   Upon such judgment of affirmance and modification, and a commitment issued thereon, the relator was committed to the county jail.   Thereupon he sued out another writ of *habeas corpus*, directed to the sheriff of Niagara county, and returnable before Mr. Justice LEWIS, of the supreme court.   On the return of that writ, he was remanded to the custody of the sheriff.

The first of these appeals was that above mentioned, taken from the judgment of the court of sessions; and the second was taken from the last-mentioned order, made by Justice LEWIS.   The first appeal brings up for review the trial and conviction in the court of special sessions.   And, first, the defendant objects that the justice erred in refusing his demand that he be permitted to give bail to await the action of the grand jury.   This privilege he

claims was his under section 211 of the Code of Criminal Procedure. The justice was right. Section 211 is found in part 55 of the Code of Criminal Procedure, which, as its title imports, relates to "proceedings in criminal actions prosecuted by indictment." Its provision is that "if the crime with which the defendant is charged be one triable, as hereinbefore provided, by a court of special sessions, * * * the magistrate, before holding the defendant to answer, shall inform him of his right to be tried by jury after indictment." This provision must necessarily relate to crimes also triable by jury after indictment, and can have no application to cases in which courts of special sessions have exclusive jurisdiction. The case at bar came within the latter description. Code Crim. Proc. § 56, subd. 30. Subject to the power of removal provided by section 57 of the same statute, the court of special sessions, complaint having been made to a committing magistrate, had exclusive jurisdiction of the offense charged; and no request was made for the adjournment provided by section 58 to enable the defendant to procure an order of removal. Moreover, the inclusion of the offense with which the defendant was charged in the list of those of which courts of special sessions have exclusive jurisdiction was by amendment of section 56, subsequent to the enactment of section 211; and that amendment, being plainly inconsistent with the provisions of the latter section, so far as it related to the offense in question, (among others,) those provisions must be held to have been *pro tanto* repealed thereby.

The objection to the question put to the witness Ten Brook in regard to the composition of "Buffalo Spray" was properly sustained. The witness testified that he had no knowledge on the subject except what another man told him.

There was no error or irregularity in what occurred in connection with the *amicus curiæ*, Andrew Welcher. He did not act, or claim to act, as a member of the court. Both parties consented that the justice might consult with Mr. Welcher, which he had a right to do without such consent; and it does not appear by the record that he did in fact consult with him upon any question in the case.

No error is disclosed by the record of the court of special sessions which calls for correction here. The power of the court of sessions to modify the sentence of the court of special sessions is expressly given by section 764 of the Code of Criminal Procedure. The judgment of the court of sessions must be affirmed.

In respect to the second appeal but little further need be said. The only ground of illegality of his imprisonment, specified in the petition of the relator for the writ of *habeas corpus*, and the only one argued here, is that the court of sessions did not have "jurisdiction to render a judgment of imprisonment and fine after the order of this court, declaring said sentence, judgment, and commitment of Justice TAYLOR illegal and void, and remanding your petitioner back to the court of special sessions for such action and proceeding as might be lawful in the premises." We think the jurisdiction of the court of sessions, on the appeal taken by the defendant, was in no manner impugned by any of the matters alleged in the petition. The order of Justice CORLETT only adjudged the sentence of the court of special sessions illegal. It did not assume to pass upon the judgment of conviction there rendered. That order, so far as it directed the discharge of the prisoner from the custody of the keeper of the Erie county penitentiary, was properly made; but its further directions were nugatory. There was no court of special sessions in existence to which the proceedings in the case of the relator could be remitted, or in which further proceedings in that case could be had. A court of special sessions is not a continuing court. It is organized and exists only for the trial of each particular case, and is *functus officio* when the judgment is rendered therein. *Lattimore* v. *People*, 10 How. Pr. 336. Even the certificate of the entry of judgment, which operates as a warrant of commitment,

and the return of the record on appeal, are acts of the justice who held the court, and not of the court of special sessions. Moreover, the action had been several months before removed into the court of sessions by appeal, and that court alone had jurisdiction of it for any purpose. The justice of the peace to whom the relator was sent was therefore entirely right in refusing to entertain jurisdiction of the case. The court of sessions, on. the other hand, had complete jurisdiction of the case for the purpose of hearing and determining the appeal, and affirming, reversing, and modifying the judgment and sentence of the court below. Section 764, *supra*. The exercise of that jurisdiction seems to have been in all respects regular, and, as we have just held, its judgment is to be affirmed. The order of Justice LEWIS, remanding the prisoner to the custody of the sheriff for execution of the judgment of the court of sessions, must also be affirmed.

All concur.

(1) Order on return of writ of *habeas corpus* affirmed. (2) Judgment of the court of sessions affirmed, and proceedings remitted, etc.