PEOPLE *ex rel.* COOK *v.* SMITH.

*(Supreme Court, General Term, Fifth Department.*   December 30, 1889.)

COURT OF SPECIAL SESSIONS—PROCEDURE—CERTIFICATE OF CONVICTION.

Where a trial has been had and certificate of judgment delivered to the proper officer, a court of special sessions, in New York, is *functus officio;* and, though the judgment and certificate may be void, the justice has no power to revive the court at a subsequent date for the purpose of signing a certificate of conviction embodying what purports to be another judgment in the same case.

Appeal from Orleans county court.

Application, on the relation of Orson T. Cook against Samuel Smith, for a writ of *habeas corpus.*   The writ was dismissed, and relator appeals.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*D. N. Salisbury,* for appellant.   *W. P. L. Stafford,* Dist. Atty., for respondent.

DWIGHT, J.   The relator was tried by a jury, in a court of special sessions, on a charge of cruelty to animals.   The trial was concluded, by a verdict of guilty, on the 23d day of May, 1889; and on the same day the court rendered a judgment on conviction which was void because in the alternative of fine or imprisonment.   The court also, on the same day, made and signed a certificate of conviction embodying the judgment rendered as above, and which was liable to the further objection that it did not designate the offense of which the accused had been convicted, except as a misdemeanor, and delivered it to a constable, the defendant in this proceeding.   Eight days later, and without any adjournment of the court, or continuance of the case, in the mean time, the justice made and signed another certificate of conviction, embodying what purported to be another judgment, and delivered it to the same constable, who thereupon arrested the relator; and he was in custody on that process when he sued out the writ of *habeas corpus* upon which the order appealed from was made.

We think the order was erroneous, and that the relator was entitled to his discharge.   The first judgment and certificate were void for the reasons stated; and the second certificate was void because it embodied a judgment which had not been rendered, and because, at the time it was made, the justice had no jurisdiction of the case.   We held in the case of *People* v. *Starks,* 1 N. Y. Supp. 721, that a court of special sessions is organized only *pro hac vice,*—for the trial and judgment in each particular case,—and is *functus officio* when judgment is rendered therein, and a certificate of such judgment is made and signed, and delivered to the sheriff or constable.   *Lattimore* v. *People,* 10 How. Pr. 336.   An error occurred in the report of the opinion of the court in the *Case of Starks,* in the omission of the words "the filing of" before the words "the certificate of the entry of judgment," in the last line of page 723.   We did not intend to say that the making and signing of the certificate was not a part of the duty of the court of special sessions while organized as such, as, under the statute, it clearly is.   Code Crim. Proc. § 721.   That section requires that the court shall make and sign the certificate "when a conviction is had upon a plea of guilty, or upon a trial;" and this language, though not to be construed to mean immediately, or upon the instant of the rendition of the judgment, undoubtedly does intend that the certificate shall be made during the session of the court, and cannot be made by the justice after the court organized for the trial of the case has ceased to exist.   Equivalent language is used in section 717 in regard to the time when judgment shall be rendered, and so it was in the statute before the enactment of the Code of Criminal Procedure.   2 Rev. St. p. 714, § 19.   Under that statute, the court, in *Lattimore* v. *People, supra,* says: "It is as a court, and not as a justice of the peace merely, that the magistrate renders judgment; and the record must

show that the court was in session when it was rendered. There is nothing in the statute which requires a court of special sessions to render judgment forthwith upon the delivery of the verdict by the jury, as in civil actions before a justice; but, undoubtedly, it must be rendered during the continuance of the session of the court, and before it is at an end." .In this case, a judgment was so rendered, and a certificate thereof delivered to the constable, immediately succeeding the verdict, on the 23d of May. That judgment and certificate were void. There is nothing to show when, if ever, the new judgment was rendered, except that the new certificate was dated May 31st; and there is no pretense that the court had been held open, or the case continued beyond the 23d. This being so, the justice had no power to revive or reorganize the court of special sessions at a subsequent date for the purpose of either rendering judgment, or making and signing a certificate. In this case the justice testified that he did write in his minutes a sentence such as that embodied in the second certificate, and he may have intended to be understood, though that is not clear, that he wrote that sentence before he wrote the one which was pronounced; but the evidence is undisputed that he pronounced only one sentence, and that was the void judgment which was embodied in the first certificate. The statute does not require that any judgment should be entered in the minutes of the court. In short, there is but one mode of rendering judgment, and that is by pronouncing sentence; and there is but one record of the judgment, and that is the certificate of the sentence pronounced.

We conclude, therefore, that the judgment which was embodied in the first certificate was the only judgment rendered in this case; that after it was certified, and the certificate delivered to the constable, the court in which the relator was tried was at an end; that the attempt of the justice thereafter to certify a judgment which had never been rendered was nugatory; and that the arrest of the relator on the new certificate was without warrant of law. If so, the order dismissing the writ of *habeas corpus*, and remanding the relator, was error, and must be reversed. Order appealed from reversed, and the relator discharged.