Legislation of the character of that here involved has been upheld in Maine (State v. Mayo, 75 Atl. Rep. 295), Massachusetts (Commonwealth v. Kingsbury, 199 Mass. 542) and California (Ex parte Berry, 157 Cal. 523).

It follows from what has been said that the act authorizing the exclusion by the park commissioner, in his discretion, of bicycles and motor vehicles from the main driveway of Ocean boulevard was valid legislation and the writ must, therefore, be dismissed and the relator remanded. Settle order on two days' notice.

Writ dismissed.

---

THE PEOPLE OF THE STATE OF NEW YORK *v.* FREDERICK QUIMBY.

(County Court, Nassau Special Term, June, 1911.)

Jurisdiction — Jurisdiction of particular courts — Courts of special sessions.
Justices of the peace — Jurisdiction — Criminal jurisdiction.

> By section 56a of the Code of Criminal Procedure courts of special sessions have exclusive jurisdiction, in the first instance, to try and determine a charge of intoxication in a public place in violation of section 1221 of the Penal Law.
>
> Where a justice of the peace as such tried relator on a charge of having been intoxicated in a public place in violation of section 1221 of the Penal Law and as a justice of the peace rendered

a judgment of conviction, said judgment is void as having been rendered without jurisdiction, and the relator is entitled to be discharged on habeas corpus.

HABEAS CORPUS to inquire into the cause of relator's detention.

Keith & Vandewater, for relator.

Charles N. Wysong, district attorney, for People.

NIEMANN, J. The relator is imprisoned in the Nassau county jail by virtue of a commitment made by a justice of the peace in the town of Hempstead, in said county, on the charge of having been intoxicated in a public street in said town contrary to law; and it appears by said commitment that he was examined, tried and convicted before said justice, and that it was adjudged by said justice that he be imprisoned in said jail of said county for the term of thirty days. The said relator has sued out a writ of habeas corpus and a writ of certiorari and demands his discharge from said imprisonment on the ground, among others, that it appears upon the face of said commitment that the said justice had no jurisdiction to try the defendant, as he conducted said trial and rendered judgment against the defendant as a justice of the peace and not as a court of special sessions.

The offense of which the relator was convicted is a violation of section 1221 of the Penal Law of the State of New York. It is provided by section 56a of the Code of Criminal Procedure that courts of special sessions shall have exclusive jurisdiction to try and determine, according to law, all complaints for violations of sections 1221, 1912 and 1913 of the Penal Law. It follows, therefore, that said complaint could come only under the cognizance of a court of special sessions, and that there was no jurisdiction in any other court, justice or judge to entertain or try said charge against said defendant. The question then is whether the judgment and commitment in question were void because said justice of the peace had no jurisdiction of the case. It was held in the case of People v. Starks, 17 N. Y. St. Repr. 234, that a court of special sessions is organized *pro hac vice* for the

trial and judgment in each particular case. The distinction
between a justice of the peace and a court of special sessions
held by a justice of the peace is made apparent by said case
and also by the cases of Lattimore v. People, 10 How. Pr.
336, and People ex rel. Cook v. Smith, 28 N. Y. St. Repr.
306. In the case of People v. Starks, *supra,* it was held that
a court of special sessions is organized and exists only for
the trial of each particular case, and it is *functus officio*
when the judgment is rendered therein. In the case of People
ex rel. Cook v. Smith, *supra,* it was held that the certificate of
conviction of a court of special sessions must be made during
the session of the court, and cannot be made by the justice
after the court organized to try the cause has ceased to exist,
and that such a certificate was a nullity. In the case of
Lattimore v. People, *supra,* the court says: " It is as a court
and not as a justice of the peace that the magistrate renders
judgment, and the record must show that the court was in
session when it was rendered." In considering the cases of
People ex rel. Cook v. Smith, and People v. Starks, *supra,*
the Appellate Division of the Fourth Department, in the case
of People ex rel. Smith v. McFarline, 50 App. Div. 95, says
(at p. 100) : " By the express terms of the statute governing
those cases the sentence, certificate of conviction and commit-
ment *were acts of the court,* and the sentence required the
exercise of discretion and judgment; \* \* \*" *i. e.,* were
the acts of a court of special sessions and not of a justice of
the peace.

The Legislature has recognized the distinction between a
trial and conviction before a justice of the peace, or police
justice or other magistrate, and a trial and conviction before
a court of special sessions, or police court, because, by sec-
tion 721 of the Code of Criminal Procedure, a form of cer-
tificate of conviction is prescribed which is headed, " Court
of special sessions or police court." This cannot be con-
sidered an idle form. People ex rel. Allen v. Hagan, 170
N. Y. 46, 52. Moreover, throughout the sections that make
up the provisions governing proceedings in courts of special
sessions and police courts, under part V, title I, of the said
Code, the designation " The court " is used, and in no

instance the designation " The justice," thus showing that it is a court and not an individual justice to whom the jurisdiction in the cases covered by said title is given.

The judgment rendered against the relator was not the judgment of a competent tribunal within the meaning of that term, and the commitment issued thereon by said justice was void. It is not a mere informality or technical defect which could be corrected or amended or which might be held not to have prejudiced the relator in respect to a substantial right and for that reason might, therefore, be disregarded. It goes deeper; it goes to the very foundation. It was not a trial, judgment and sentence by a court of special sessions in which exclusive jurisdiction to entertain the charge is vested, but a trial, sentence, conviction and commitment by a justice of the peace, who had no jurisdiction or authority in the premises.

The jurisdiction of justices of the peace is purely statutory. They have only such judicial powers as have been expressly conferred upon them by statute. Stone v. Miller, 62 Barb. 430; Mills v. Martin, 19 Johns. 7; Bloom v. Huyck, 71 Hun, 252. The justices' courts not being courts of record, or of general jurisdiction, there is no presumption in favor of jurisdiction where the record does not disclose it. The jurisdiction of justices of the peace will not be extended by inference or implication, as the statutes conferring jurisdiction are strictly construed. The rule with respect to courts of special or limited authority is that their jurisdiction is never presumed, but must affirmatively appear by sufficient evidence or proper averment in the record, or their judgments will be deemed void on their face. Staples v. Fairchild, 3 N. Y. 41; Frees v. Ford, 6 id. 176; People ex rel. Frey v. Warden, 100 id. 26; Jones v. Reed, 1 Johns. Cas. 20; Service v. Heermance, 1 Johns. 91; Powers v. People, 4 id. 292; Yates v. Lansing, 9 id. 407; Mills v. Martin, 19 id. 33; Foot v. Stevens, 17 Wend. 488, distinguishing Denning v. Corwin, 11 id. 647; Brown v. Cady, 19 id. 477; Hart v. Seixas, 21 id. 40; Seaman v. Duryea, 10 Barb. 523; Stephens v. Ely, 6 Hill, 609; Latham v. Edgerton, 9 Cow. 227; Beaudrias v. Hogan, 16 App. Div. 38.

In the case of Bigelow v. Stearns, 19 Johns. 39, Spencer, C. J., says (at p. 40): " If a Court of limited jurisdiction issues a process which is illegal, and not merely erroneous; or, if a Court, whether of limited jurisdiction or not, undertakes to hold cognizance of a cause, without having gained jurisdiction of the person, by having him before them, in the manner required by law, the proceedings are void: and in the case of a limited or special jurisdiction, the magistrate attempting to enforce a proceeding founded on any judgment, sentence, or conviction, in such a case, becomes a trespasser."

The Code of Civil Procedure (§ 2031) provides as follows: " The court or judge, before which or whom the prisoner is brought by virtue of a writ of habeas corpus, issued as prescribed in this article, must, immediately after the return of the writ, examine into the facts alleged in the return, and into the cause of the imprisonment or restraint of the prisoner; and must make a final order to discharge him therefrom, if no lawful cause for the imprisonment or restraint, or for the continuance thereof, is shown; whether the same was upon a commitment for an actual or supposed criminal matter, or for some other cause."

It is the duty of the court or judge issuing the writ to inquire into the jurisdiction of the tribunal to render the judgment or decree and to discharge the prisoner where it appears there was a lack of jurisdiction over the person or the subject-matter.   People ex rel. Frey v. Warden, 100 N. Y. 20; People ex rel. Young v. Stout, 81 Hun, 336.

In the case of Frey, *supra,* the Court of Appeals, per Ruger, C. J., says: " It would seem from these provisions that the competency of the tribunal to render the judgment or decree under which a person is held in custody, and their jurisdiction over him either as to matter, place, sum or person, is by the strongest implication made the subject of inquiry upon a hearing before a judge or court issuing a writ of *habeas corpus,* and the court is thereby expressly required upon the return of such a writ to institute an inquiry into the cause of detention, and discharge the prisoner when there is a lack of jurisdiction on the part of the tribunal,

making an order for his detention. It was held by this court in the case of People ex rel. Tweed v. Liscomb (60 N. Y. 559), that the provision in the Revised Statutes forbidding an inquiry into ' the legality and justice of any process, judgment, decree or execution upon a hearing under *habeas corpus*' proceedings does not take from the court or officer having jurisdiction of the writ, the power, or relieve from the duty of determining whether the judgment or process emanated from a court of competent jurisdiction, and whether the court had power to give the judgment or issue the process." P. 24. And, continuing, Judge Ruger says: " The questions arising in this case are governed by the rule favoring the widest latitude of examination, as the judgment assailed was rendered by a court of limited jurisdiction; and its authority, not only over the person of the relator, but also of the subject-matter is disputed." P. 25.

In the case of Powers v. People, 4 Johns. 292, the principal objection was that the record was not sufficient to give the justice jurisdiction and the court there said: " It is a salutary rule with respect to inferior courts, that the cause of which they take cognizance should appear to be within their jurisdiction." In the case at bar the commitment shows, affirmatively, on its face that the justice of the peace, *sitting as such, and not as a court of special sessions,* had no jurisdiction.

The justice had no jurisdiction to hear and determine the criminal charge against the relator; the matter was *coram non judice,* and all that he did in the case was of no legal effect, and the commitment which he issued against said relator is a nullity. The objection to the commitment which has been here considered being fatal, it will be unnecessary to consider the other objections to said commitment raised by the relator. The relator is entitled to be discharged.

Relator discharged.