THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN A. FOOTE, Appellant.

County Court, Delaware County, June 28, 1932.

*Arthur F. Curtis*, for the appellant.

*Robert B. Craft, District Attorney*, for the respondent.

O'CONNOR, J. The defendant was convicted upon a plea of guilty before a Court of Special Sessions held by John Burns, justice of the peace of the town of Bovina, Delaware county, N. Y., on the 21st day of December, 1931, of the crime of petit larceny in violation of section 1292-a of the Penal Law (added by Laws of 1918, chap. 314, as amd. by Laws of 1931, chap. 665), in that he did issue a check for the payment of the sum of thirty-two. dollars and fifty cents to the order of Isaac L. Mitchell on the 9th day of October, 1931, upon the National Bank of Hobart, knowing at the time that he issued said check that he did not have sufficient funds in, or credit with, such bank for the payment of said check, and was sentenced to pay a fine of five dollars and committed to the county jail at Delhi, N. Y., for three months. The jail sentence was suspended upon condition that the defendant make restitution to Isaac L. Mitchell, the party to whom said check was made payable. The defendant failed to make restitution.

The term of office of Justice of the Peace Burns expired December 31, 1931. James Boggs was elected justice of said town at the election held the preceding November and took office January 1, 1932. The papers in this case were turned over to Justice Boggs by former Justice of the Peace Burns. On January 26, 1932, Justice of the Peace Boggs wrote a letter to the defendant notifying him he had failed to comply with the terms imposed by Mr. Justice Burns and asked a reply either by return mail or in person. On March twelfth Justice Boggs issued a warrant for the arrest of the defendant because of his violation of the terms upon which sentence was suspended and delivered the same to a member of the State police for service. On March 15, 1932, the defendant was brought before the justice, asked for an adjournment to secure counsel and gave bail in the sum of $100. The case was thereupon adjourned to March 22, 1932, and on the latter date further adjourned to April 5, 1932. On April 2, 1932, the defendant paid ten dollars and at his request the case was adjourned to April

nineteenth. On April nineteenth the defendant failed to appear either in person or by attorney. The defendant without any authority or information to that effect had previously informed the State troopers that the justice could not hear the case on that day. This was evidently done in order to obtain a further adjournment. On the twenty-first day of April the justice revoked the suspension of sentence by Justice Burns and sentenced the defendant to the Delaware county jail for three months.

The defendant has taken an appeal to this court and alleges that the defendant should be discharged from custody because the commitment is irregular in that it is entitled " Justice Court, Town of Bovina," instead of " Court of Special Sessions " and is signed by Mr. Boggs as justice of the peace. The commitment should be entitled " Court of Special Sessions " but it was properly signed by Mr. Boggs, justice of the peace, according to section 721 of the Code of Criminal Procedure. The entitling of the commitment " Justice Court, Town of Bovina," is a mere irregularity and should be disregarded. Section 764 of the Code of Criminal Procedure provides that on an appeal from the Court of Special Sessions the appellate court must give judgment without regard to technical errors or defects which have not prejudiced the substantial rights of the defendant.

The defendant also contends that Justice of the Peace Boggs had no right or jurisdiction to revoke the suspended sentence and commit the defendant to jail for the reason that the Court of Special Sessions is not a continuing court, and when Justice Burns, constituting a Court of Special Sessions, passed sentence upon the defendant and suspended the same the court went out of existence; that the commitment is void because the sentence of three months, which the defendant would have served had he been sent to jail instead of sentence being suspended, had expired; that Justice Boggs is not the successor of Justice Burns and, even if he were, it is not the same court.

The defendant relies upon the cases of *Lattimore* v. *People* (10 How. Pr. 336); *People* v. *Quimby* (72 Misc. 421); *People* v. *Starks* (17 N. Y. St. Repr. 234); *People ex rel. Cook* v. *Smith* (28 id. 306) to support his contention that the Court of Special Sessions is not a continuing court and that Justice Boggs constituting a Court of Special Sessions had no power or authority to revoke the suspension of the sentence and commit the defendant to the Delaware county jail. It is apparent from reading the different sections of the Criminal Code that the existence and jurisdiction of the Court of Special Sessions, as well as other courts, have been extended since the cases cited by the defendant were decided. Under section 470-a

of the Code of Criminal Procedure, where sentence has been suspended after plea or verdict of guilty, the court is given power to impose any sentence or make any commitment which might have been imposed or made at the time of the conviction. It further provides that if the sentence has been imposed and execution of the judgment suspended, the court may revoke the order suspending execution of judgment and order executed the judgment suspended or may modify the judgment so as to provide for the imposition of any punishment which might have been imposed at the time of the conviction. This section also provides that the court may impose sentence or order judgment executed with or without modification at any time after such suspension of sentence or suspension of execution of judgment within the longest period for which the defendant might have been sentenced, or, if the defendant is on probation and the period of probation exceeds the period for which the defendant might have been sentenced, at any time while defendant remains on probation; but not after the expiration of such period or periods unless the defendant shall have been convicted of another crime committed during such period.

Section 483, subdivision 4, of the Code of Criminal Procedure provides as follows: " At any time during the probationary term of a person convicted and released on probation the court before which, or the justice before whom, the person so convicted was convicted, or his successor, or the court to which the person on probation is transferred as hereinabove provided may in its discretion, revoke and terminate such probation. Upon such revocation and termination, the court or justice may impose sentence or order judgment executed in accordance with the provisions of section four hundred and seventy-a of the Code of Criminal Procedure."

The defendant contends, however, that section 2 of the Code of Criminal Procedure limits the application of sections 470-a and 483 to proceedings and criminal actions prosecuted by indictment and that said sections are not applicable to Courts of Special Sessions because they are not within the fifth part which relates to proceedings in Special Sessions and Police Courts and are not among the sections which are made applicable to Courts of Special Sessions by section 62 of that Code. If it were necessary the court would be inclined to hold that sections 470 and 483 are applicable to Courts of Special Sessions but it is not necessary so to do.

Section 935 of the Code of Criminal Procedure provides as follows: " Whenever within the period of probation any probationer shall violate his probation, the court may issue a warrant for his arrest and may commit him with or without bail. On his being arraigned

and after an opportunity to be heard the court may revoke or continue his probation. If revoked, the court may impose any sentence it might have originally imposed."

Section 927 of the Code of Criminal Procedure states that the term ".' Placed on probation ' includes suspension of sentence, or suspension of execution of judgment " and " the term ' court ' includes all courts of criminal jurisdiction as well as Children's Courts, and the judges, justices or magistrates of all such courts." These two sections certainly gave the Court of Special Sessions jurisdiction over the defendant and authority to revoke his probation and impose the sentence it did.

The court is also of the opinion that these two sections overrule the cases cited by defendant in support of his contention that the Court of Special Sessions is not a continuing court and that Justice Boggs, as justice of the peace of the town of Bovina, constituting a Court of Special Sessions, had no authority to revoke the suspension of sentence of the defendant by Justice Burns and commit the defendant to the Delaware county jail to serve the sentence originally imposed.

As to the contention of the defendant that the commitment is void because the sentence of three months which the defendant would have served had he been sent to jail instead of the sentence being suspended, has expired, and the court had no jurisdiction of the defendant after expiration of the three months, section 933 of the Code of Criminal Procedure provides that the period of probation of a defendant, other than a child, convicted of an offense less than a felony may not extend beyond three years. The period of the probation was not fixed by the court at the time the defendant was found guilty and sentenced. Under these circumstances it is assumed that the probationary period would continue for the period fixed by section 933, to wit, three years.

In *People ex rel. Valiant* v. *Patton* (221 N. Y. 409) it is held: " The fact that the trial court in placing the defendant on probation omitted to fix the period for which such probation should continue does not render invalid the sentence, since, in the absence of other limitation, it would be assumed that the probationary period should not continue for more than two years, the period fixed by the statute. Moreover, the omission would not render the judgment void, but the sentence would be subject to correction in this respect." (Headnote.) The probation period of the defendant had not expired and the court, therefore, had jurisdiction.

The court is in doubt as to whether the statute, the violation of which the defendant is charged, has served the purpose for which it is intended. It was undoubtedly the intention of the

Legislature to prevent the issuance of checks when the person issuing the same had no funds in the bank with which to pay. Instead of putting a stop to this practice, the statute has made peace officers agents for the collection of poor checks. Almost invariably the payee of the check procures the arrest of the giver of the check and the court suspends sentence or the execution thereof upon restitution being made. This same practice is followed even though it is the second or third offense. The result is that the practice of giving checks without funds to meet them continues unabated and the object of the statute is thwarted. Criminal proceedings ought never to be used as a means to enforce collection of a civil debt as it is contrary to the spirit and intent of the Constitution of our State and the United States. Peace officers should not be burdened with such duties as it tends to destroy their effectiveness and that of the criminal law, with enforcement of which they are charged. The situation ought to be remedied. A mandatory jail sentence for a second or subsequent offense would be a great deterrent. The present statute, however, gives the courts all the power and authority needed as they can impose a jail sentence of not to exceed six months for a first or any subsequent offense. The judicious exercise of this discretionary power vested in the Court of Special Sessions would do much to remedy the present undesirable situation.

Had the defendant in this case complied with the terms upon which his sentence was suspended he would have escaped serving any time in jail and his punishment would have been very lenient indeed. It appears from the record that the defendant paid the court costs and he has made full restitution to the complainant for the amount of the check. In view of these facts it is the opinion of the court that his sentence should be reduced to fifteen days in the Delaware county jail. The court believes that a jail sentence in this case is needed, not only to impress upon the mind of the defendant, but also others who have made it a practice of giving checks without funds in the bank upon which they are drawn to meet them, that the statute cannot be violated with impunity; that they cannot continue the practice and escape by simply making restitution, but that if they continue to violate the statute, the crime can and will be punished by imprisonment.

The commitment of Justice Boggs should be amended and corrected by striking out the words " Justice Court " at the top and substituting the words " Court of Special Sessions " and the sentence imposed upon the defendant of three months in the Delaware county jail should be reduced to fifteen days.

An order may be entered accordingly.