■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOUGLAS E. DRAKE, Appellant.— GABRIELLI, J. Appeal from a judgment of resentence of the County Court of Chemung County, rendered January 10, 1967 convicting defendant of his plea of guilty to three indictments, two of which charged rape first degree and assault first degree, the third charging robbery first degree and assault first degree. It appears that the defendant had in 1956 pleaded guilty to these same indictments, each involving allegations requiring compliance with the procedure set forth in section 2189-a of the Penal Law, and was at that time sentenced as a second felony offender predicated upon a 1945 conviction for burglary third degree. In July, 1966, because of an order made on a prior appeal (26 A D 2d 729), he was returned to the Chemung County Court for repleading to the 1945 indictment, at which time this indictment for burglary third degree was dismissed upon the District Attorney's motion, requiring the resentencing with which we are presently concerned. Upon the present (1967) resentencing an information charging appellant with a prior 1955 felony conviction for rape second degree was filed and the court then sentenced him as a second felony offender. Prior to the imposition of sentence the court directed the defendant be psychiatrically examined, pursuant to the provisions of section 2189-a of the Penal Law, at the conclusion of which the two psychiatrists reported that the defendant was "not in such state of idiocy, imbecility, or insanity as to be incapable of understanding the charge against him or the proceedings or of making his defense", an obviously inadequate report. We must conclude that the court, having sought the aid of a psychiatric report, based its evaluation of the defendant's potential on these most meager findings made by the doctors, which neither logically nor legally could form the basis for an informed judgment as to the custodial future of the defendant. To be of any aid to any sentencing court the report must be a *complete* report which "*shall*" include all facts and findings necessary to assist the court in imposing sentence. (*People* v. *Bailey,* 21 N Y 2d 588; *People* v. *Jackson,* 20 A D 2d 170; *People* v. *Fuller,* 27 A D 2d 982.) It is important to note in passing that after

the court in *Jackson* withheld its decision on that part of the application addressed to the sentence, a complete examination of Jackson was made by two qualified psychiatrists and resulted in a finding that the defendant was not dangerous if released and "that the sooner custodial care is stopped the better he will be". Nor does the fact that the defendant was not sentenced to an indeterminate sentence of one day to life, alter our conclusion for as the court said in *People* v. *Fuller* (27 A D 2d 982, *supra*), "There must be a proper psychiatric examination and report in every case in which a sentence of from one day to life may be imposed regardless of whether such sentence is in fact imposed." The purpose of a complete and proper report is to equip the sentencing court with the required information to permit him to adequately reach an informed judgment as to the prognosis or proclivities of a defendant, as was envisioned by the drafters of section 2189-a. Upon this phase of the appeal, we conclude that the defendant should be given a complete psychiatric examination by duly qualified psychiatrists to assist in the determination of whether it would be dangerous to release him and whether he is capable of rejoining society; together with the hearing mandated by *Specht* v. *Patterson* (386 U. S. 605) and *People* v. *Bailey* (21 N Y 2d 588, *supra*), obviously necessitating the vacating of the sentences herein imposed. The defendant further appeals from a denial of his application to vacate the sentence imposed in 1955 when he was sentenced as a second felony offender predicated upon the conviction of 1945 for burglary third degree, which latter conviction was vacated by a dismissal of that indictment in July, 1966. In denying the application, the court noted that execution of the "sentence was suspended, and the defendant was placed on probation" and reasoned that since he was given a suspended sentence he did "not feel it * * * appropriate * * * to take any action on his 1955 sentence"; and respondent argues that upon this state of facts appellant was not in any way prejudiced by the court's denial of this application. In this, we think the court erred. Within one year following the questioned sentencing upon the 1955 conviction, the defendant was incarcerated under the 1956 convictions for which he is still imprisoned. Although we have not been furnished with the transcript of proceedings from which we can determine the length of the probationary period imposed, we are compelled to assume that it was for the maximum of his sentence (*People* v. *Foote,* 144 Misc. 134). Section 933 of the Code of Criminal Procedure in pertinent part provides that "if a probationer be convicted and incarcerated for the commission of an additional crime or offense, the period of probation shall be thereby suspended for the period of incarceration for such additional crime or offense"; and since appellant, when he is released from imprisonment on his 1956 convictions, will still be on probation under the 1955 sentence complained of, it follows that he was prejudiced by the court's denial and his application should have been granted, notwithstanding the sentence then imposed was within the statutory limit of a first offense. It can be assumed that for a first offense, the court might not have imposed the maximum term. While we are cognizant of the rule that an order denying an application to vacate a prior sentence as a second felony offender and to be resentenced as a first felony offender, is not appealable (Code Crim. Pro., § 517; *People* v. *Stevenson,* 23 A D 2d 856, cert. den. 382 U. S. 864), here "the defendant is unquestionably seeking to correct an error by our courts in treating him as a multiple offender. Accordingly, we deem the application made by the defendant to be one for *coram nobis* relief" and as "so regarded, it is appealable" (*People* v. *Machado,* 17 N Y 2d 440, 442). (See, also, *People* v. *Kearse,* 28 A D 2d 910.) We have examined appellant's other contentions which, upon this record, we find insubstantial. Order denying application to be resentenced upon the 1955 conviction reversed, and resentence

imposed upon the 1956 convictions vacated, on the law; and matters remitted to the County Court of Chemung County for resentencing and further proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gabrielli, J.