## LAWN V. PEOPLE.

11 343
5a 139

Under the Criminal Code, section 272 (Gen. St. 1883, § 960), which enacts that all trials for criminal offenses shall be conducted according to the common law, unless otherwise provided, it is error to try a defendant for a misdemeanor punishable by fine and imprisonment in jail, in the absence of himself and attorney, notwithstanding the case is an appeal from a justice of the peace, and that the bond in such case is for the payment of the fine, and not for the appearance of the defendant before the appellate court.

### *Error to Criminal Court of Arapahoe County.*

THE plaintiff in error was convicted of petit larceny before a justice of the peace of Arapahoe county, and was sentenced to imprisonment in the county jail and to pay a fine. He appealed the case to the criminal court of said county. Afterwards, on September 5, 1884, he appeared there with his attorney, and upon his consent the court ordered the said case set for trial September 12th. Upon that day the plaintiff in error failed to appear, either in person or by attorney. The people's attorney being present and ready for trial, the case was tried to a jury, in the absence of the plaintiff in error, whereupon the jury returned a verdict of guilty. Afterwards plaintiff in error, by his attorney, came and filed a motion for a new trial; stating therein, as reason therefor, that the court had no right to proceed with the trial in his absence. No excuse, however, was shown for such absence. This motion was denied, and the court adjudged that the plaintiff in error pay a fine of $100 and costs, and that he stand committed until payment thereof. The case comes here on writ of error, and a reversal of this judgment is asked for the reason stated in the motion for a new trial.

Mr. JOHN A. DEWEESE, for plaintiff in error.

Mr. T. H. THOMAS and ALVIN MARSH, Attorney-General, for the people.

STALLCUP, C. Were such proceedings and judgment warranted? By sections 758, 759, General Statutes, petit larceny is declared to be a misdemeanor, and triable in a justice's court, and a penalty of a fine or imprisonment in jail, or both, upon conviction, is provided. By sections 1020, 2047, General Statutes, it is provided, in such cases, that upon conviction in the justice's court the defendant may have an appeal to the criminal court. The bond provided for such appeals is conditioned, not for the appearance of the accused, but for the payment of the fine. We have no statute providing for the trial of any offender in his absence, whether the offense charged be a misdemeanor or of other grade; while, on the other hand, section 272 of our Criminal Code provides that all trials for criminal offenses shall be conducted according to the course of the common law, except where a different mode is provided. It will be seen that imprisonment was of the penalty provided for the offense charged. To try a defendant upon such a charge in his absence, and in the absence of his attorney, we think is contrary to correct principles, and is not permissible. *People v. Winchell*, 7 Cow. 525, and note; 1 Bish. Crim. Proc. (3d ed.) §§ 268–270. It is true, the appeal bond provided for by the statute is not such as to secure the attendance of the accused in the appellate court, but this is matter for the legislature to correct. The defect is not to be supplied by the abrogation, by this court, of well-settled rules. The judgment should be reversed.

DE FRANCE, C., concurs. RISING, C., dissents.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment is reversed and the cause remanded.

*Reversed.*