## MORRIS v. THE PEOPLE.

1. JURISDICTION—COUNTY COURT.

The county court cannot, in a criminal case appealed from a justice of the peace, render a judgment affecting the rights of an absent defendant.

2. COUNTY COURT—PRACTICE IN CRIMINAL CASES.

The trial of a criminal case, appealed by defendant from the judgment of a justice of the peace to the county court, must be had *de novo.* It is error to dismiss the appeal on the ground that defendant failed to appear. The court has power, in such cases, to issue the requisite process to compel the attendance of defendant and force him to trial.

*Error to the County Court of Montezuma County.*

Mr. JOHN DAWSON, Mr. S. W. CARPENTER and Mr. WILLIAM M. MAGUIRE, for plaintiff in error.

Mr. N. C. MILLER, District Attorney Sixth District, for the People.

BISSELL, P. J., delivered the opinion of the court.

The proceedings in this case do not conform to the stat-

ute.  In May, 1893, Morris, the plaintiff in error, was tried
on a charge of disturbing the peace in Montezuma county,
and was fined twenty-five dollars and costs.  He appealed
from the justice's judgment and gave the bond provided for
in section 2047 of the General Statutes of 1883, and the
record was transmitted to the county court by the magis-
trate who tried the case.  When the case reached that court
it was placed' on the docket, was called for trial and went
over to a later day in the term at the request of the district
attorney.  This was done in the absence of the defendant.
On the day to which the case was postponed, it was called
for trial; Morris failed to appear; the appeal was dismissed
and a *procedendo* was issued to the justice's court.  From
this judgment Morris appealed.

There are several reasons why the judgment cannot be
sustained.  According to the adjudication of the supreme
court in the case of *Lawn v. The People*, 11 Colo. 343, the
court was powerless to render a judgment affecting the rights
of the absent defendant.  This is the settled law of this juris-
diction.  Since this is true, to dismiss the appeal and issue
a *procedendo* was clearly a violation of the law.

The proceeding was totally at variance with the course
indicated by the statute regulating appeals to the county
court from judgments of conviction in criminal matters ren-
dered by justices of the peace.  The act provides that in
cases of that description the defendant shall have the right
to take the case to the county court upon giving a bond
conditioned simply to pay whatever judgment that court
may render against him.  The statute also enacts that when
the cause reaches the county court it shall be there tried.
The entry of a judgment in the county court against the
appellant is the only possible breach of the statutory bond.
Under these circumstances, the trial is one *de novo*, and is to
be conducted according to the due course of such proceed-
ings in that tribunal.  The jurisdiction of the county court
is in no sense appellate, when the term is used to express
the idea that the proceedings of the lower court are subject to

review and reversal. The cause stands in the county court precisely the same as though it had been there instituted, and the court must proceed in the statutory way to try and determine the case and render such judgment as the evidence and the law may warrant. Such is the judgment of the courts of our sister states where like questions have arisen. *Territory v. Lowitski*, 27 Pac. Rep. 496.

Probably the county court dismissed the appeal on the hypothesis that, as the statute pointed out no method by which a recalcitrant defendant could be brought into court to answer the charge, the court was powerless to do otherwise than remand the case. This cannot be, since the court had full power to issue the requisite process to bring the defendant in and force him to a trial. If the defendant is brought in, tried and convicted, the judgment against him can be enforced, and the condition of his bond will be broken when he fails to pay the judgment rendered against him.

What has been said is sufficient to indicate to the court below what should be done in the present case. For the error committed in entering the judgment stated, it must be reversed and remanded.

*Reversed.*