[No. 1464.]

### WILSON v. WELCH.

PRACTICE—APPEAL FROM JUSTICE TO COUNTY COURT—DEPOSITIONS.
An appeal from a justice of the peace to the county court is tried in county court the same as if originally brought in that court. The provisions of the code regulating the taking of depositions is applicable to such case rather than the statute providing for the taking of the depositions to be used in justice of the peace courts. A deposition in such appeal case in the county court may be taken before a notary public.

*Appeal from the County Court of Arapahoe County.*

Mr. FRED L. SHAW, for appellant.

Mr. CHAS. A. WILKIN, for appellee.

BISSELL, J.

This action was begun before a justice of the peace in Arapahoe county and resulted in a judgment against Wilson for a little less than $300. From the judgment an appeal was taken to the county court and duly perfected and thereafter came to trial in that tribunal resulting in a judgment against Wilson for $296.22 from which an appeal was taken to this court.

The abstract and argument of the appellant exhibits but one proposition, and it is the only point which we are called on to decide. While the case was pending in the county court Welch sued out a commission to take the depositions of three persons in Park county and took the required statutory steps

for the purpose, provided he had a right to take the evidence in that manner. When it came to the service of the notice to sue out the commission, an attempt was made to serve it on the attorney. His office was locked and he could not be found, and the notice was thereupon served at his residence and was left with a member of his family over fifteen years of age. No question is made respecting the regularity of the service except as it is disputed that the appellee had the right to take the depositions when and as he did. The notice provided that the depositions should be taken before a notary public. There is a statute which in general provides that the testimony of a witness which is material to a suit pending before a justice, when the witness resides out of the county, may be taken before any justice of the peace in the county where he resides, and a deposition taken according to the statute under such circumstances and before that officer may be used in evidence. The appellant insists that this is the controlling statute, and the only one under which the appellee had a right to proceed in order to take the evidence of the witnesses in Park county. As we look at it, his contention is without basis and the statute is wholly inapplicable. When the appeal was perfected and the case got into the county court it was triable there precisely as it would have been had the case originally been begun in that jurisdiction. This is settled by the adjudications of both the appellate courts of the state. *Morris v. The People*, 5 Colo. App. 138; *Thorne v. Ornauer*, 8 Colo. 353.

Since this is true, it follows that the appellee had a right to take the testimony of these witnesses in the method and manner provided by the code for the taking of depositions in cases brought in the county court. The depositions in this case were taken in accordance with these requirements, were entirely regular, properly produced in evidence and considered on the trial. No other proposition is presented or argued, and as this one is resolved against the appellant, the judgment against him must be affirmed.

*Affirmed.*