[No. 6181.]

## KOLLER v. THE PEOPLE.

1. **Appeal from Justice in Criminal Proceedings** — Under Mills' Ann. Stats., § 2771, the approval by the justice of the peace of a bond given by one convicted of a criminal offense, in an attempted appeal to the county court, is without effect.—(66)

—So, the mere deposit of the bond with the clerk of the county court within the statutory period, no approval being made or requested. No jurisdiction is conferred upon the county court.—(67)

2. **Appeals—Jurisdiction—Consent**—The agreement of the district attorney that a criminal action, tried before a justice, and from whose judgment an appeal has been attempted, shall be set down for trial in the county court, does not waive the failure of the appellant to procure approval of his appeal bond by the clerk of the county court as required by § 2771, Mills' Ann. Stats. The county court takes no jurisdiction, and the appeal must be dismissed.—(66, 67)

*Error to Denver County Court*—Hon. BEN B. LINDSEY, Judge.

Mr. G. M. ALLEN and Mr. EZRA KEELER, for plaintiff in error.

Hon. WM. H. DICKSON, attorney general, and Mr. GEO. D. TALBOT, for defendant in error.

CHIEF JUSTICE STEELE delivered the opinion of the court.

On January 29, 1907, the plaintiff in error, defendant in a criminal cause pending before a justice of the peace, was found guilty and fined. On the same day his appeal bond in the sum of one hundred dollars was filed with the justice and was approved by that officer, and on the following day the said bond and a transcript of the record in said cause, duly certified by the justice of the peace, were filed in the office of the clerk of the county court. February 21, 1907, was, by agreement of counsel, fixed as the day for the trial of said cause in the county court, and the trial was postponed by the court until February 26, 1907.

On February 26th, the district attorney moved to dismiss the appeal upon the ground that the appeal had not been perfected according to law. The appeal was dismissed. The cause comes here by writ of error to review the judgment of dismissal.

The court correctly dismissed the appeal. The statute, § 2771, Mills' Ann. Stats., requires that the

bond shall be approved by the clerk of the county court within ten days after the judgment is rendered. The county court did not obtain jurisdiction of the subject-matter, and neither the appearance of the defendant nor the appearance of the district attorney conferred jurisdiction.   But counsel contend that the fact that the bond was approved by the justice of the peace did not interfere with its approval by the clerk of the county court, and that it was his duty to approve or disapprove the bond when it was presented to him.   The record does not show that the bond was presented to the clerk for his approval; the record shows that the transcript and the appeal bond were filed in the office of the clerk of the county court.   If the defendant desired to have his appeal bond approved he should have presented it to the clerk with the request that it be approved, and no duty to approve it devolved upon the clerk in the absence of such request.

The judgment is affirmed.          *Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur.