[No. 7539.]

·THE PEOPLE v. YOUNGBERG.

JUSTICE OF THE PEACE—*Criminal Prosecution—Appeal—Certiorari* —Under Rev. Stat. secs. 1545, 1701, 3845, 3869, an appeal lies from a judgment of a justice of the peace committing an accused person to jail, even though no fine is imposed; the clerk of the county court may take bond in a sum sufficient to cover the costs in both trials. Under secs. 1545, 1932-1944, the court may admit the accused to bail. Certiorari does not lie.

*Error to Denver County Court.*—Hon. JOHN R. DIXON, Judge.

Mr. WILLIS V. ELLIOTT, district attorney, and Mr. WILLIAM R. EATON, deputy district attorney, for the people.

Mr. HARTLEY B. WOODS, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

The defendant in error was convicted of the crime of petty larceny before a justice of the peace; the judgment was a sentence of sixty days in the county jail. On the day following his conviction and sentence, he filed his petition in the county court praying for a writ of *certiorari*. Among other things it set forth the facts above stated with the further statement that the petitioner was without any remedy by way of appeal by reason of there not having been any fine imposed upon him as a part of the sentence, for which reason he has no plain, speedy and adequate remedy at law and that the conviction and sentence can only be reviewed by *certiorari*. The writ was issued. The defendant gave bond, and a stay of further proceedings was ordered. The district attorney moved that the writ be quashed and the defendant be remanded to the sheriff. This motion was denied. The defendant was ultimately tried and acquitted. The district attorney brings the law question here for review upon error.

It is conceded that if appeals lie from a conviction in a justice of the peace court to the county court in petty larceny, cases where a prison sentence only is imposed, that the petition did not state facts sufficient to justify the issuance of the writ, for the reason that if an appeal lies the petition itself shows that the defendant had a plain, speedy and adequate remedy at law, in order to secure a trial *de novo* in the county court, and that this remedy was then in existence and continued to exist for nine days after his petition was filed. The learned trial judge took the position that it was intended that some remedy should be afforded in such cases, but that the provision for ap-

peals in all cases, where a jail sentence is imposed by a justice of the peace, was inoperative; that the statute presents a case of *casus omissus,* in that it fails to make any provision for a bond in cases where the judgment of the justice of the peace is imprisonment only. That the statute is somewhat defective in this respect is apparent. That it shows conclusively it was the intention of the legislature to grant appeals from all such convictions is likewise apparent. The complaint was drawn by authority of sections 1695-1696, Revised Statutes, 1908, which give justices of the peace jurisdiction in cases of petit larceny and provide punishments: (1) a fine not exceeding $100; (2) or imprisonment at hard labor for a term not exceeding sixty days; (3) or both such fine and imprisonment.

Section 1701, Revised Statutes, 1908, which is part of the original enactment, of which sections 1695-1696, *supra,* are a part, provides, "Appeal may be taken to the district court by the accused when convicted under this act, in the same manner and on the same terms as is now provided by law for appeals in cases of assault, assault and battery, and affrays." This was changed by section 3845, Revised Statutes, 1908, which was enacted in 1877; it provides that, "All appeals from judgments of justices of the peace, both in civil and criminal actions, shall be taken to the county court of the same county, and no appeal shall lie from a judgment of a justice of the peace in any cause, civil or criminal, to the district court."

Since its adoption the section last quoted makes the provision of section 1701, *supra,* refer directly to and it should be considered in connection with section 3869, Revised Statutes, 1908, which was adopted in 1861; it reads as follows:

"If any person convicted of any criminal offense, before any justice of the peace, shall wish to appeal to the county court, he shall signify the same to the justice of the peace who gave the judgment, and the justice shall give him a statement of the amount of the fine and costs, and upon producing the same to the clerk of the county court of the proper county, the clerk shall write a bond to the people of the state of Colorado,

in a penalty double the amount of the fine, and a sufficiency to cover all costs, conditioned for the payment of the amount of whatever judgment the court may render against the defendant; which the said party appealing shall execute, with sufficient security, to be approved by the said clerk; and when such bond shall be executed, the clerk shall notify the justice who tried the cause thereof, and the said justice shall stay all further proceedings, and return the papers to the next succeeding term of the county court, when the same shall be tried; *Provided,* All such appeals shall be prayed for and the bond executed within ten days after the judgment rendered."

It will thus be observed that the intention is clearly expressed to allow appeals in all cases and that there is no provision limiting an appeal to cases in which a fine has been imposed as all or a part of the penalty.

Section 3869, *supra,* directs the amount of bond required to cover fines imposed by the justice and the amount required to guaranty the payment of costs, but becausee it does not provide for an appearance bond it is claimed that an appeal cannot be granted in a cause where the judgment is a jail sentence. Section 3869, *supra,* was considered in *Lawn v. People,* 11 Colo. 343; the defendant there had been convicted by a justice of the peace of petty larceny; a fine was imposed; he appealed to the county court; upon the date of trial he failed to appear; the case was tried to a jury in his absence, which returned a verdict of guilty. Upon account of the absence of the defendant this court held that the trial was a nullity. In commenting upon the appeal bond provided by statute, the court, at page 344, said in part:

"The bond provided for such appeals is conditioned, not for the appearance of the accused, but for the payment of the fine.  *  *  *  It is true, the appeal bond provided for by the statute is not such as to secure the attendance of the accused in the appellate court, but this is matter for the legislature to correct. The defect is not to be supplied by the abrogation, by this court, of well-settled rules."

At the next session of the legislature after this amend-
ment, general section 1545, Revised Statutes, 1908, was en-
acted; the last sentence of which is as follows, "In general, all
laws in reference to proceedings and practice in original cases
now in force in the district courts, shall also be in force in
county courts, under the same circumstances."

Thereafter, in 1894, in *Morris v. The People,* 5 Colo.
App. 138, the defendant was convicted before a justice of the
peace and appealed to the county court; at the time for trial
the defendant failed to appear. The appeal was dismissed and
the cause remanded to the justice of the peace. This was held
error. The court said,

"Probably the county court dismissed the appeal on the
hypothesis that, as the statute pointed out no method by which
a recalcitrant defendant could be brought into court to answer
the charge, the court was powerless to do otherwise than re-
mand the case. This cannot be, since the court had full power
to issue the requisite process to bring the defendant in and
force him to a trial.   *   *   *   What has been said is suffi-
cient to indicate to the court below what should be done in the
present case."

In *Vickers v. The People,* 30 Colo. 69, the defendant was
convicted in the justice's court; upon appeal to the county
court he was again convicted and sentenced to a term of ninety
days in the county jail. It was contended that the county
court was without jurisdiction to sentence such defendant to a
term in the county jail where the jury had failed to assess a
fine as provided by general section 3870, Revised Statutes,
1908. This contention was not sustained. At page 70 the
court said, "The provisions of the statute fixing the penalty
and naming the condition of the bond and requiring the entry
of judgment against the principal and surety thereon for the
amount of the fine assessed by the jury do not, in our opinion,
limit the jurisdiction of the court."

The principles announced in the last two cases are appli-
cable here. The statutory provisions concerning the appeal

bond which provided for the payment of fine and costs does not limit the jurisdiction of the county court in either compelling the appearance of the defendant, or in the kind of penalty to be imposed on appeal by trial *de novo*. The omission in the act concerning the provisions of the bond in failing to provide for the appearance of the defendant does not prevent him from perfecting an appeal. The statute provides how such an appeal shall be perfected. This manner should be followed.—*Koller v. The People,* 45 Colo. 65.

The law, however, does not require impossibilities; where a fine is not imposed by the justice the clerk of the court cannot include a sum double the amount of such fine, but can estimate an amount sufficient to cover the costs in both trials.

Sections 1545, 1932-1944, Revised Statutes, 1908, are sufficient to confer general powers on the county court to allow an appearance bond in a sum commensurate with the offense charged and the general practice in granting such bonds. If the county court has the power to issue the requisite process to bring the defendant in and force him to trial upon appeal at the time set, as was held in *Morris v. The People,* 5 Colo. App. 138, we see no reason why the court has not the same power to bring him in under a similar process at the time the clerk issues his notice to the justice upon the perfecting of the appeal, just the same as it would, had the action been first instituted in the county court, the matter of his giving bail or remaining in custody being entirely voluntary upon his part in the exercise of a constitutional right.—In *Re Kennedy,* 55 Vt. 1.

We think the county court possesses jurisdiction to admit a defendant to bail in such cases. It follows that it was within the power of the defendant to appeal to the county court from the judgment of the justice of the peace in the manner provided by statute and that at the time of the issuance of the writ of *certiorari* he was possessed of a plain, speedy and adequate remedy at law by appeal, which he failed to avail himself of.

For which reasons the writ of *certiorari* should have been quashed and the petition dismissed. Ruring upon the law point reversed. ·                                    *Reversed.*

Decision *en banc.*

Mr. JUSTICE MUSSER concurs specially in the conclusion.

CHIEF JUSTICE CAMPBELL not participating.

Mr. JUSTICE MUSSER specially concurring:

I agree with the conclusion reached by the court because a statutory appeal could have been taken as shown by the opinion. This being so, the writ of *certiorari* should have been quashed. This would be true no matter whether an appearance bond could be required of the defendant or not. When it was determined that an appeal could have been taken, it was not necessary to determine anything more. For that reason, I refrain from expressing an opinion concerning the power of the court to require a bond other than the appeal bond provided by statute, except to say, in view of the fact that the majority of the court have expressed an opinion, that it is probable that the situation is one to be met by the legislature and not by a court.