No. 17,211.

WEST ET AL. *v*. THE PEOPLE.
(261 P. [2d] 513)

Decided September 14, 1953.

Mr. WILLIAM ATHA MASON, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy, Mr. NORMAN H. COMSTOCK, Assistant, for the people.

*En Banc.*

MR. CHIEF JUSTICE STONE delivered the opinion of the court.

PLAINTIFFS in error, West and Fleming, were convicted of misdemeanors before a justice of the peace. Within ten days thereafter, they filed their appeal bonds conditioned only for payment of judgment, and paid their docket fees to the clerk of the county court. Several weeks thereafter, the district attorney filed motions to dismiss the appeals in all four cases on the ground that defendants had failed within the time allowed by statute to file the requisite appeal bonds. Upon motion of the district attorney, the four cases were consolidated for hearing. On hearing of said motions plaintiffs in error tendered and asked leave to file appeal bonds conditioned as now required by statute, both for payment of judgment and appearance in court. The court refused to accept the tendered bonds and sustained the motions to dismiss. Plaintiffs in error urge that chapter 96, section 148, '35 C.S.A. is here applicable, which provides in substance that if the bond required to be given shall be adjudged informal or otherwise insufficient, defendant shall have reasonable time in which to file a good and sufficient bond. In behalf of the people, it is urged that said section applies only to civil cases. We think it unnecessary to determine the question there posed.

No reason appears why the legislative or judicial arm of government should not be as solicitous to assure right of appeal to one criminally prosecuted as to one engaged in civil litigation.

Prior to 1915, the statute as to bond on appeal from the justice court to the county court provided that it should be conditioned for the payment of the amount of whatever judgment the county court might render against the defendant. That statute was amended in 1915 to require that said bond also be conditioned for the defendant's appearance in the county court on the first day of the next term thereof and from term to term and from day to day thereafter. The bonds filed by plaintiffs in error in the cases sought to be appealed by them were conditioned only as required by the statute prior to the 1915 amendment. Each of the bonds was in a sum sufficient to comply with the statute; each was approved by the justice of the peace, and the only defect or insufficiency noted by the attorney general is that they were not conditioned for appearance, as well as for payment.

It is the contention of the attorney general that where an appeal is sought from a judgment of a justice of the peace to the county court in a criminal case, the bond is an essential condition precedent to the jurisdiction of the county court, and a bond not conditioned for the appearance of the defendant as required by the statute is void and cannot be amended after the statutory time for appeal has elapsed.

This is asserted to be in accord with the rule as stated in 4 C.J.S. 1030, section 567: "Where the giving of an appeal bond or undertaking is essential to appellate jurisdiction, neither the lower court, nor the appellate court, after the time for appeal has passed, has any power, unless it is conferred by statute, to allow a fatally defective and insufficient appeal bond or undertaking to be amended or a new bond or undertaking to be filed in lieu thereof. In some jurisdictions, in the absence of statutory authority therefor and in the absence of a statute or rule of court to the contrary, when an appeal bond is defective in form or substance, but not void so as to deprive the court of jurisdiction, the court may

allow an amendment to correct the deficiency, or the filing of a new bond * * *."

As stated in 3 Am. Jur. 183, section 510: "As a general rule, even in the absence of express statutory authority, an appellate court has inherent power to require or permit an amendment or to require or permit a new bond to be filed in lieu of a defective appeal or error bond or supersedeas bond which has been filed in good faith. This inherent power is denied, however, in some jurisdictions, at least where the original bond is void."

■■ In the case before us, patently the bonds were not void. They were severally conditioned for payment of the judgments in sufficient penalty and with sufficient surety approved by the justice of the peace. Had they not been challenged in the county court, and had the cases gone on to trial in that court with conviction therein, judgment could have been taken against both principal and surety on said appeal bond as provided by statute. As this court said, in *People v. Youngberg,* 53 Colo. 322, 124 Pac. 745, in connection with a similar bond, the bonds before us did not "limit the jurisdiction of the county court in either compelling the appearance of the defendant, or in the kind of penalty to be imposed on appeal by trial de novo." They served the essential purposes of appeal bonds in protecting the people as to the payment of the judgments rendered or to be rendered; in protecting the court in the collecting of its costs; and in the prevention of frivolous appeals. They were neither void nor fatally defective, but merely incomplete in that they did not constitute appearance bonds as well as payment bonds. There is no suggestion that they were not given in good faith and received and accepted by the justice of the peace as sufficient, and, immediately upon learning of the defect, a sufficient bond conditioned for appearance as well as payment was tendered in each of the cases to the county court. We think the original bonds, as filed with the justice of the

peace, satisfied the requirements for jurisdiction of the county court on appeal, and the court had the obligation to accept the new bonds tendered in lieu of those originally filed.

· Judgment reversed and case remanded for further proceedings not inconsistent herewith.