Mr. Justice Moore
delivered the opinion of the Court.
Plaintiffs in error, to whom we will refer as defendants, were found guilty of a misdemeanor in an action filed before a justice of the peace in El Paso county. Each defendant was sentenced to an indefinite term in the state reformatory at Buena Vista. Thereafter each filed a petition for Writ of Habeas Corpus challenging the jurisdiction of the justice to sentence to the reformatory. The petitions were consolidated for hearing and the district court held that the justice had such jurisdiction and remanded the petitioners to the custody of the warden of the reformatory. Defendants ask review of the judgment.
It is unquestioned that a justice of the peace in Colorado has original jurisdiction in cases of misdemeanor. C.R.S. ’53, 79-15-3. C.R.S. ’53, 39-10-1 (2), as amended by chapter 36, Session Laws of Colorado 1958, provides:
“Upon conviction of a crime which may be punished by imprisonment in a county jail except for convictions for violations of municipal ordinances the court may sentence the person so convicted to the Colorado state reformatory, if at the time of sentencing he is sixteen years of age or older but under the age of twenty-one years, if, in the opinion of the court, rehabilitation of the person convicted can best be obtained by such a sentence and if it appears to the court that the best interests of said person and of the public and the ends of justice would thereby be served.”
Counsel for defendants contend that a justice of the peace is not a “court” as contemplated in this statute.
The question thus raised is answered by another statute, to-wit: C.R.S. ’53, 135-1-2, as follows:
*426 “The term ‘court/ in all necessary cases, shall be deemed to refer as well to justices of the peace, as to courts of record.”
The quoted portion is the 13th of a number of rules of statutory construction set forth in the section. The rules, as the section specifies at the outset, “shall be observed, unless such construction shall be manifestly inconsistent with the intent of the legislature, or repugnant to the contents of the same statute.” No such inconsistency or repugnancy is to be found in the 1958 statute.
The salutary purposes of the 1958 law as recited therein are equally applicable in all of the several courts having jurisdiction of misdemeanors. To exclude justices of the peace would defeat the law and its purposes in large measure. To avoid that anomaly it is “necessary” to regard a justice of the peace as a “court”.
Counsel include in their brief an interesting comment on the history and development of the law under consideration. This has been noticed but if, as here, the legislative intent is apparent from the statute, resort to its history and to previous enactments is not necessary.
It is argued that the jurisdiction of a justice of the peace is limited to the county in which he presides and that the reformatory is not in El Paso county where the cases were tried. The territorial jurisdictional limitations of a justice of the peace are contained in the several statutes pertinent thereto and are well known but need not now be explored; none of them apply to the execution and implementation of a sentence like that in the present case.
Article 6, sec. 25 of the Colorado Constitution reads:
“Justices of the peace shall have such jurisdiction as may be conferred by law; * * * ”
By the statutes above quoted jurisdiction is conferred upon “the court” to impose the sentence here complained of, and although the reformatory may be in another county from that in which the particular justice conducts *427 proceedings, whatever authority is essential to commitment therein is necessarily implied. 14 Am. Jur. sec. 17, p. 373. It would not do to say that the Chaffee county justices and none other have jurisdiction to sentence offenders to the reformatory which is located in Chaffee county.
Defendants point out that the amount of the appeal bond required by justices of the peace in misdemeanor cases where the person is sentenced to a term in jail is set by C.R.S. ’53, 79-15-12, at $2.00 per day for the duration of the sentence. They go on to say that confusion would result if the justice were allowed to sentence to the reformatory for an indefinite term because there would be no measure for the bond required to enable an appeal. Our opinion in People v. Youngberg, 53 Colo. 322, 124 Pac. 745, answers this contention and shows that the statutory bond amounts apply only to the situations they cover and do not exclude the giving of reasonable bond in other cases.
Counsel offer the proposition that there are institutional problems; that the reformatory is already overcrowded; and that to permit justices of the peace to sentence to the reformatory would augment and intensify the problem. Even so this involves the policy and not the text and meaning of the law, and is a problem for the legislature, not the courts.
The judgment is affirmed.