---

### In re BRAY.

#### (*Supreme Court, Special Term, Albany County.* October, 1890.)

1. COURT OF SPECIAL SESSIONS—POWERS OF RECORDER—SENTENCE.
   Code Crim. Proc. N. Y. § 56, gives courts of special sessions exclusive jurisdiction of assault in the third degree; and section 717 limits the punishment which may be inflicted by such courts to $50 fine, or imprisonment for six months. Section 62 declares that a court of special sessions shall be held by one justice of the peace, "unless provision is otherwise made by law." Binghamton city charter (Laws N. Y. 1888, c. 214, tit. 4, § 3) authorizes the city recorder to hold courts of special sessions, and provides that "said court shall render judgment upon such conviction, and shall inflict such punishment * * * as any other court having jurisdiction of the offense could inflict, and shall have the same jurisdiction to sentence and punish the person so convicted as courts of oyer and terminer have for the same offense." *Held,* that the recorder of Binghamton, holding a court of special sessions, may, on conviction of a person charged with assault in the third degree, impose a sentence under Pen. Code N. Y. § 222, which provides that assault in the third degree is punishable by imprisonment for not more than one year, or by a fine of not more than $500.

2. CRIMINAL LAW—ALTERNATIVE SENTENCE—FINE OR IMPRISONMENT.
   A certificate of conviction adjudged that defendant be imprisoned for three months, or pay a fine of $100, and be imprisoned until it be paid, not exceeding three months. The commitment recited that defendant pay a fine of $100, and in default of payment be imprisoned for three months. *Held,* under Code Crim. Proc. N. Y. §§ 484, 718, authorizing a court which imposes a fine to direct that defendant "be imprisoned until the fine is paid, specifying the extent of the imprisonment, not to exceed one day for every dollar," that the sentence was not void as in the alternative, the ambiguity of the certificate of conviction being explained by the commitment.

3. ASSAULT IN THE THIRD DEGREE—AVERMENT OF—ASSAULT AND BATTERY.
   Pen. Code N. Y. §§ 217, 218, define assault in the first and second degrees as an assault with intent to kill or commit a felony, and as doing certain acts dangerous to life or health, or with intent to commit a crime, not amounting to assault in the first degree, respectively. Section 219 provides that "a person who commits an assault or assault and battery, not such as is specified in the foregoing sections, * * * is guilty of assault in the third degree." *Held,* that a charge of assault and battery is equivalent to a charge of assault in the third degree.

*Certiorari* to inquire into the cause of the imprisonment of James Bray. Pen. Code N. Y. § 217, defines assault in the first degree as an assault to kill or to commit a felony. Section 218 defines assault in the second degree as doing certain acts dangerous to life or health, or with intent to commit a crime, under circumstances not amounting to assault in the first degree. Section 219 provides that a "person who commits an assault or an assault and battery, not such as is specified in the foregoing sections of this chapter, is guilty of assault in the third degree."

*William J. Ludden*, for relator.    *Andrew Hamilton*, for respondent.

LEARNED, P. J. Bray was brought before the recorder of Binghamton, holding a court of special sessions, and was charged with the offense of assault and battery. He pleaded not guilty, demanded a jury, was tried, and convicted. The certificate of conviction adjudged that he be imprisoned in the Albany county penitentiary for the term of three months, or pay a fine of $100,

and be imprisoned until it be paid, not exceeding three months. The commitment is slightly different. It recites that it was adjudged that Bray should pay a fine of $100, and in default of payment should be imprisoned in the Albany county penitentiary for the term of three months, and directs the keeper of the penitentiary to keep him until discharged according to law. Two questions are raised in this *certiorari:* (1) As to the jurisdiction of the recorder; (2) as to the validity of the sentence.

Chapter 214, Laws 1888, p. 334, § 3, gives the recorder authority to hold courts of special sessions, and says: "Said court shall render judgment upon such conviction, and shall inflict such punishment * * * as any other court having jurisdiction of the offense could inflict; and shall have the same jurisdiction to sentence and punish the persons so convicted as courts of sessions or courts of oyer and terminer have for the same offense." I think the charge of assault and battery must be equivalent to a charge of assault in the third degree. Pen. Code, § 219. Assault in the third degree is, by section 222 of the same Code, punishable by imprisonment for one year, or a fine of not more than $500, or both. But by section 56, Code Crim. Proc., courts of special sessions, except in New York and Albany, have exclusive jurisdiction of assault in the third degree; and, by section 717 of the same Code, the punishment which may be inflicted by such courts is limited to a fine of $50, or imprisonment for six months. Section 62, Code Crim. Proc., provides that a court of special sessions is to be held by one justice of the peace, "unless provision is otherwise made by law," and provision is thus made in the city of Binghamton. This provision gives the recorder the same power to sentence and punish the persons so convicted as courts of sessions or courts of oyer and terminer have for the same offense. Now, if a prisoner were convicted of assault in the third degree in either of those courts, section 222 of the Penal Code would apply. But the relator argues that courts of special sessions have exclusive jurisdiction. Section 56, Code Crim. Proc. On the other hand, a prisoner indicted for assault in the first degree might be convicted in a court of oyer and terminer of assault in the third degree, and a person so convicted might be punished under section 222, Pen. Code. I think, therefore, that the clause above cited from the Binghamton charter was intended to enlarge the power of the recorder holding special sessions as to the extent of punishment he can impose. It is analogous to the third subdivision of section 68, Code Crim. Proc., and the fourth subdivision of section 64 of the same Code, which give these increased powers of punishment to the special sessions of Albany, and to the special sessions of New York.

It is next urged that the sentence is void because in the alternative. The Code of Criminal Procedure (sections 484, 718) authorizes the court which imposes a fine to direct that defendant be imprisoned until the fine be paid, specifying the extent of the imprisonment, not to exceed one day for every dollar. That is what was done in this case. The commitment expresses this exactly, reciting that defendant was adjudged to pay a fine of $100, and in default to be imprisoned for three months. Three months are less than 100 days. Whenever defendant should pay his fine he would be entitled to his discharge. The certificate of judgment is not quite as plain, because, owing to the use of a printed form, the words "three months" are twice inserted. But there can be no misunderstanding as to the commitment directing the keeper of the penitentiary to hold Bray. That recites the imposition of a fine, and the judgment that in default he be imprisoned the specified time of three months. I think it would be unreasonable to hold that the certificate of conviction had any other meaning. I do not mean to say that a sentence plainly in the alternative is good; but the law authorizes the imposition of a fine, and of imprisonment until it be paid, for a specified time, not exceeding the statutory limit. Here the fine is imposed, the time of imprisonment specified; it does not exceed the limit, and Bray does not claim to have paid his fine. The mean-

ing of the sentence is plain, the commitment makes it clear, and no injustice is done to the prisoner. The prisoner is remanded to the custody of the keeper of the penitentiary.