## *In re* GRAHAM, Petitioner.

ERROR TO THE SUPREME COURT OF THE STATE OF WISCONSIN.

No. 1332.   Argued January 29, 1891. — Decided March 2, 1891.

When the highest court of a State holds that a judgment of one of its inferior courts, imposing punishment in a criminal case in excess of that allowed by the statutes of the State, is valid and binding to the extent to which the law of the State authorized the punishment, and only void for the excess, there is no principle of federal law invaded in such ruling.

THIS was a writ of error to the Supreme Court of Wisconsin to review a judgment of that court refusing to issue a writ of *habeas corpus* for the discharge of the plaintiff in error, the petitioner for the writ.

A law of Wisconsin declared that " any person who shall assault another and shall feloniously rob, steal or take from his person any money or other property which may be the subject of larceny, such robber being armed with a dangerous weapon, with intent if resisted to kill or maim the person robbed, or, being so armed, who shall wound or strike the person robbed, shall be punished by imprisonment in the state prison not more than ten years nor less than three years." The petitioner in the court below, John Graham, and one Samuel McDonald, were charged with feloniously making an assault upon one Alf. McDonald, putting him in bodily fear and danger of life and feloniously robbing him of two hundred dollars in money, the parties being armed at the time with a loaded revolver, and wounding and striking the said Alf. McDonald.   In June, 1889, the parties were tried in the Circuit Court for Ashland County, Wisconsin, and were convicted as charged in the information, and were sentenced to confinement in the state prison at hard labor, one for the period of thirteen years and the other for the period of fourteen years. As the law only authorized punishment by imprisonment not exceeding ten years, and the parties were serving under a sentence much longer than that period, they applied to the court below for a writ of *habeas corpus*, alleging that the judgment was void as being in excess of the authority vested

in the court by which it was rendered. The court below held that the judgment was not void in the sense of being an absolute nullity, but only erroneous, and that the remedy of the parties was by a writ of error and not by a writ of *habeas corpus*. *In re Graham* and *In re McDonald*, 74 Wisconsin, 450. The writ was therefore refused. Subsequently one of the parties applied again to the Supreme Court of Wisconsin for the writ, and it was again refused. To review this last judgment the case was brought to this court.

*Mr. Rublee A. Cole* began argument for the petitioner; but, on the statement of the case, the court declined to hear further argument.

*Mr. J. L. O'Connor*, Attorney General of the State of Wisconsin, and *Mr. Robert M. La Follette* filed a brief in opposition.

MR. JUSTICE FIELD, after stating the case, delivered the opinion of the court.

It is undoubtedly the general rule that a judgment rendered by a court in a criminal case must conform strictly to the statute, and that any variation from its provisions, either in the character or the extent of punishment inflicted, renders the judgment absolutely void; but it seems that under the law of Wisconsin a judgment in a criminal case which merely exceeds in the time of punishment prescribed by the sentence that which is authorized by law, is not absolutely void, but only erroneous, and that the error must be corrected on appeal and cannot be corrected by a writ of *habeas corpus*. It would seem that a distinction is there made between those cases in which the judgment is irregular, as being in excess of the time prescribed, and those in which it is void as changing the nature of the punishment from that authorized by the law; and that in the former class, until the time is reached which is prescribed by statute as the limit of the power of the court to punish the prisoner, he has no remedy by *habeas corpus*.

If such be the law of the State, as would appear by this decision and the argument of counsel, we do not see that we

have any right to interfere. That the prisoner should not have been sentenced for any time in excess of ten years, is very evident. When the ten years have expired it is probable the court will order the prisoner's discharge, but until then he has no right to ask the annulment of the entire judgment. Such being the ruling of the State court, and there being nothing in it repugnant to any principle of natural justice, we think that the reason given for a refusal of the writ of *habeas corpus* in the court below at the present time was a sound one.

Nor is the doctrine of the Wisconsin court peculiar to the courts of that State. In New York it has been held that a judgment in a criminal case, which in the punishment it imposed exceeded that prescribed by statute, was not void except for the excess, where such excess could be omitted in the execution of the judgment. Thus in *The People* v. *Baker*, 89 N. Y. 460, 467, the relator was tried and convicted of a crime for which he was sentenced to be imprisoned in the penitentiary for one year, and to pay a fine of $500, and to stand committed until the fine was paid. Contending that the offence, of which he was convicted, was shown by the minutes of the court to have been merely an assault and battery for which he could have been at most sentenced to be imprisoned for one year and to pay a fine of $250 only, he applied to a judge of the Superior Court of Buffalo for a writ of *habeas corpus* to be discharged from imprisonment. That court refused to discharge him, and the general term of the court having affirmed the ruling, the case was taken to the Court of Appeals of the State. In sustaining the decision that court held that if the relator was only convicted of a simple assault and battery he would not be entitled to his discharge, for then the sentence to imprisonment for one year was authorized and legal, observing that this was a separate portion of the sentence, complete in itself, and the remainder of the sentence could be held void and disregarded; and that the whole sentence was not illegal and void because of the excess, adding that such was the settled law of the State.

But were the general doctrine of other States against that held by the highest court of Wisconsin, it is not perceived how

we could interfere with the imprisonment of the plaintiff in error. When the highest court of a State holds that a judgment of one of its inferior courts imposing punishment in a criminal case is valid and binding to the extent in which the law of the State authorized the punishment, and only void for the excess, we cannot treat it as wholly void, there being no principle of federal law invaded in such ruling.

*Judgment affirmed.*