## HARMAN *v.* UNITED STATES.

*(Circuit Court, D. Kansas. June 18, 1892.)*

1. MAILING OBSCENE LETTER—CONSTITUTIONAL LAW.
   Rev. St. § 3893, as amended by Act Cong. July 12, 1876, (19 St. p. 90,) prohibiting the mailing of obscene papers, is not in contravention of the first amendment to the federal constitution, providing that the freedom of the press shall not be abridged. *Ex parte Jackson,* 96 U. S. 727, and *Ex parte Rapier,* 12 Sup. Ct. Rep. 374, 143 U. S. 110, followed. 45 Fed. Rep. 414, affirmed.

2. SAME—SENTENCE—OMISSION OF HARD LABOR.
   Where a person convicted of mailing obscene papers is sent to the penitentiary, a failure to sentence him to hard labor, as required by Rev. St. § 3893, is a fatal error, for which the judgment will be reversed.

In Error to the United States District Court for the District of Kansas.
Indictment of Moses Harman for mailing obscene papers. Verdict of guilty, and sentence thereon. Reversed.

*David Overmeyer*, for plaintiff in error.

*J. W. Ady*, U. S. Dist. Atty.

CALDWELL, Circuit Judge. On the 9th day of April, 1888, the plaintiff in error was indicted in the district court for depositing on the 18th day of June, 1886, in a post office, for mailing, an obscene paper, in violation of section 3893 of the Revised Statutes of the United States, as amended by act of congress approved the 12th of July, 1876, (chapter 186, 19 U. S. St. p. 90.) He was tried before a jury, found guilty, and sentenced to "be imprisoned in the Kansas state penitentiary for five years, and that he pay a fine of three hundred dollars;" and thereupon the defendant sued out this writ of error under the act of congress approved March 3, 1879, (chapter 176, 20 U. S. St. p. 354.) The chief contention of the learned counsel for plaintiff in error is that the act of congress on which the indictment is founded "contravenes the first amendment to the constitution of the United States, which provides, among other things, that the freedom of the press shall not be abridged, and is, therefore, unconstitutional and void." If authority can ever silence contention, the constitutionality of this act of congress is no longer open to discussion. *Ex parte Jackson*, 96 U. S. 727; *Ex parte Rapier*, 143 U. S. 110, 12 Sup. Ct. Rep. 374. There is, however, a fatal error in this case on the face of the record. The act of congress provides that persons convicted of its violation "shall be deemed guilty of a misdemeanor, and shall for each and every offense be fined not less than one hundred dollars nor more then five thousand dollars, or imprisonment at hard labor not less than one year nor more than ten years, or both, at the discretion of the court." It will be observed that where the punishment, or any part of it, is imprisonment, it must be "at hard labor." The plaintiff in error was sentenced to "be imprisoned in the Kansas state penitentiary for five years," and hard labor is not made a part of the punishment, as the statute requires shall be done, where imprisonment forms any part of the sentence. When the statute makes hard labor a part of the punishment, it is imperative upon the court to include that in its sentence. *Ex parte Karstendick*, 93 U. S. 396. In the courts of the United States the rule is that a judgment in a criminal case must conform strictly to the statute, and that any variations from its provisions, either in the character or extent of the punishment inflicted, renders the judgment absolutely void. *Ex parte Karstendick, supra; In re Graham*, 138 U. S. 461, 11 Sup. Ct. Rep. 363; *Ex parte Lange*, 18 Wall. 163; *In re Mills*, 135 U. S. 263, 10 Sup. Ct. Rep. 762; *In re Johnson*, 46 Fed. Rep. 477. A different rule prevails in some of the states, (*In re McDonald*, 74 Wis. 450, 43 N. W. Rep. 148; *People v. Baker*, 89 N. Y. 460;) but the rule on this subject prevailing in a state, whether by statute or judicial decision, has no force in the federal courts administering criminal justice under the constitution and laws of the United States. In those courts the doctrine of the supreme court of the United States on this subject is of paramount authority. It seems probable that, if the plaintiff in error had sought relief from the void sentence after suffering a part of the punishment by

*habeas corpus*, his discharge would have been absolute and final, and he could not have been again sentenced or tried for the offense. *Ex parte Lange*, 18 Wall. 163; *In re Johnson*, 46 Fed. Rep. 477. Assuming, but not deciding, that his discharge on *habeas corpus*, after suffering a part of the punishment under the void sentence, would have precluded the imposition of a legal sentence upon the verdict of guilty, or another trial for the same offense, it does not follow that a reversal of such a sentence on a writ of error sued out by the defendant himself is attended with any such consequences. See *Ex parte Lange*, 18 Wall. 173, 174, and dissenting opinion, pages 197, 198; 1 Bish. Crim. Law, §§ 1023, 1025. But this aspect of the case has not been argued, and no opinion is expressed upon it. If the defendant conceives that a legal sentence cannot now be imposed upon him on the existing verdict of guilty, and that he cannot again be tried for the same offense, he can raise these questions in the trial court. The judgment of the district court of the United States for the district of Kansas is reversed, and the cause remanded to that court with instructions to proceed therein according to law.