THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEWIS JOHNSON, Respondent, *v.* CHARLES A. WEBSTER, as Superintendent of the Penitentiary of the County of Monroe, Appellant.

*Court of Special Sessions — a sentence of, must be for a definite term — discharge under a habeas corpus because of an improper sentence — distinction as to remanding the accused between courts of record and those not of record.*

A certificate of conviction which adjudges that a person shall be imprisoned in a penitentiary for a period not exceeding 180 days is void, for the reason that it does not definitely determine the length of time during which the imprisonment shall continue.

A Court of Special Sessions has no power to render such a judgment and the prisoner is entitled to be discharged at once upon a writ of habeas corpus.

In such a situation the prisoner cannot be remanded for the further action of the court and for resentence, because the Court of Special Sessions, by which he was tried and convicted, ceased to exist for the purposes of the case when the judgment was pronounced.

It is otherwise when a judgment of conviction of a court of record is void by reason of a want of power to impose a punishment pronounced by it, for in such a case the prisoner may be remanded for resentence and the record may be corrected accordingly.

APPEAL by George D. Forsyth, district attorney of the county of Monroe, " in the name of the People of this State and as attorney for the defendant," from an order made by the county judge of the county of Monroe bearing date the 3d day of October, 1894, discharging the relator from the custody of the superintendent of the Monroe County Penitentiary.

*Howard H. Widener*, for the appellant.

*W. H. Sullivan*, for the respondent.

BRADLEY, J. :

The relator was imprisoned in the Monroe County Penitentiary by virtue of a certificate of conviction, made by a justice of the peace of that county, on the charge of assault in the third degree upon one William Pffarr, by which certificate it appears that it was adjudged that he be imprisoned in the Monroe County Penitentiary for a period not exceeding 180 days.   To the return of the defendant to the writ of habeas corpus, that the relator was in custody by virtue of the warrant of commitment or certificate before mentioned, the relator answered and demurred to the effect that the certificate of conviction furnished no warrant for his detention by the defendant.   It must be assumed that the relator was properly before the Court of Special Sessions and was tried and convicted for the offense charged.   Thereupon it was within the power of that court to render judgment imposing a fine not exceeding fifty dollars or imprisonment for a term not exceeding six months, or both such fine and imprisonment.   (Code Cr. Proc. § 717.)

The term of imprisonment, however, must be definitely fixed and declared by the judgment.   It cannot lawfully be left to the management of the jail or penitentiary to determine the length of time for which, within a certain period, the imprisonment shall continue.   In that respect the judgment of conviction and the certificate thereof, constituting the warrant of commitment, were ineffectual to continue the relator in custody for any length of time.

But it is said on the part of the defendant in the proceeding that this, at most, was merely error available only on review, and, therefore, it is not within the legitimate purpose of a writ of habeas corpus to relieve the relator from his imprisonment.   While it is true that upon the return of such a writ an inquiry cannot be made into the legality or justice of the mandate or judgment of a competent tribunal of civil or criminal jurisdiction when the time for which the prisoner may be legally detained has not expired (Code Civ. Proc. §§ 2032, 2034), this proceeding is founded not upon any alleged want of jurisdiction to render a judgment of conviction against the relator or upon any alleged error of the court in the trial

leading to the judgment, but it rests upon the alleged fact that there was no power in the court to render the judgment which was pronounced, and that the certificate of conviction, by virtue of which he was imprisoned, was no warrant for his detention.

The question to be considered here is one relating to the power of the Court of Special Sessions, and that is not necessarily included within the meaning of the words "legality" and "justice" as used in the statute. Although it was within the power of the court to render a judgment, unless the court had power to render the judgment pronounced, it was not the judgment of a competent tribunal within the meaning of that term and was void. (*People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559.)

It is urged by the learned counsel for the appellant that the sentence of the court was for imprisonment for 180 days. While such effect might be given to the execution of the judgment, it is the nature of it, not the consequences of its execution, which may follow, that determines the character of the judgment. The term of imprisonment is not so pronounced that its determination before the expiration of the 180 days would violate the direction expressed in the sentence of the court. How then can it be said to have been definite or certain in that respect? And if not so, how can the judgment be treated as one which it was in the power of the court to render?

It would seem at the most that the sentence was one of imprisonment for no specific time, and, therefore, the relator was entitled to his discharge from custody in the penitentiary at any moment after he had been confined there pursuant to the judgment, for the reason that the time for which he might legally have been detained had expired. (Code Civ. Proc. § 2032.)

There is no opportunity to remand the relator for further action of the court and for resentence because the Court of Special Sessions, by which he was tried and convicted, ceased to exist for the purposes of that case when the judgment was pronounced and the certificate of conviction was made, and it cannot be reorganized to take further proceedings in the matter of that prosecution of the relator. (*People ex rel. Cook* v. *Smith*, 28 N. Y. St. Repr. 306; *People ex rel. Lotz* v. *Norton*, 76 Hun, 7.)

It is otherwise when a judgment of conviction of a court of

record is void by reason of a want of power to impose the punishment pronounced by it. Then the prisoner may be remanded for resentence and the record may be corrected accordingly. (*People ex rel. Devoe* v. *Kelly*, 32 Hun, 536 ; 97 N. Y. 212.)

These views lead to the conclusion that the order appealed from should be affirmed.

LEWIS, WARD and ADAMS, JJ., concurred.

Order affirmed.