COUNTY COURT—RENSSELAER COUNTY.

Nov., 1907.

# THE PEOPLE v. HOWARD A. DE GRAFF.

(56 Misc. 429.)

JURISDICTION—PARTICULAR COURTS—COURTS OF SPECIAL SESSIONS.

A Court of Special Sessions is without jurisdiction to impose a fine of more than fifty dollars for operating an automobile upon a public highway at a rate of speed greater than one mile in three minutes.

Upon appeal from the judgment of conviction, in such a case, where a fine of one hundred dollars was imposed, the County Court cannot remit the record to the court below for the correction of the error by the imposition of a fine within the jurisdiction of the court but must reverse the judgment and declare it null and void.

APPEAL from a judgment of conviction of a Court of Special Sessions.

*Chester G. Wagner,* Assistant District Attorney, for people.

*Bender & Hinman,* for defendant.

TIERNEY, J. This is an appeal from the Justice's Court of the town of East Greenbush, Rensselaer county, from a judgment of conviction entered in that court on the 1st day of November, 1906, at which time the defendant was adjudged guilty of operating an automobile on the 28th day of October, 1906, on the Columbia turnpike, a highway of said town, at a rate of speed greater than one mile in three minutes of time to wit—at the rate of one mile in one minute and thirty seconds, the same being in excess of the speed limit as provided by law.

The defendant was arrested on the afternoon of October 28, 1906, and brought before the justice and some prelimi-

nary talk was had. A memorandum was made by the justice which contained the name of the defendant, his residence, his occupation, the number of his automobile, the number of his badge, the time alleged by the complainant in which he had run one mile in violation of the law, " fined twenty-five dollars, refused to pay fine," deposited one hundred dollars to appear before Jesse P. Van Ness, Justice of the Peace, Tuesday, November 1, 1906, at two o'clock in the afternoon, pleads not guilty.

From such report and return of the proceedings had at that time before the justice as are now before me, I must reach the conclusion that no trial was then had and no proper or legal conviction or judgment entered, and in fact it is not contended on the part of the people that any trial or conviction was had at this time, October 28, 1906.

There are numerous grounds set forth by the defendant for setting aside the judgment of conviction of November 1, 1906, principally among them that the court erred in its judgment and certificate of conviction in imposing a fine of one hundred dollars for the reason that the court had no jurisdiction to impose a fine exceeding fifty dollars, and therefore that the certificate and judgment of conviction were wholly void.

A careful review of the statutes and the authorities submitted in support of this contention leads me to the conclusion that it is entirely correct, and that the judgment and certificate of conviction herein must be set aside.

Section 717 of the Code of Criminal Procedure reads as follows: " When the defendant pleads guilty, or is convicted either by the court or by a jury, the court must render judgment thereon of fine or imprisonment or both, as the case may require; but the fine cannot exceed fifty dollars, nor the imprisonment six months."

This section of the Criminal Code limits the jurisdiction of a Court of Special Sessions to a fine not exceeding fifty

dollars or an imprisonment not exceeding six months. And, notwithstanding the fact that the statute provides that a fine of $100 may be imposed for a violation of the law fixing the time limit in which automobiles may be run upon a public highway, yet, nowhere in that law is it provided that the jurisdiction of a Court of Special Sessions is extended so as to make it possible for such court to impose a fine in excess of the provisions of section 717 of the Criminal Code. A fine of one hundred dollars might be imposed by a court of record, but a Court of Special Sessions is a court of limited jurisdiction and the limit of its power to punish is prescribed by section 717.

The further question naturally presents itself for consideration whether this court has power to modify the fine imposed by the justice of the peace, or whether it can send this case back to the Court of Special Sessions to pass a proper judgment.

The judgment entered in this case was one which the court did not have power to make, it was therefore void, and the fine imposed thereunder was illegal, and this court has no right to enforce in whole or in part a void judgment.

The appellate court is given the power to remit the record to the trial court in a proper case upon a judgment rendered upon an indictment, but the statute does not include Courts of Special Sessions, those courts not being courts of record, nor having jurisdiction to find indictments or to give judgment thereon.

Therefore, there is no power vested in this court to remit this case to the Court of Special Sessions for the purpose of correction or for imposing a penalty within the limit of the trial court's jurisdiction. See *People* v. *Carter,* 48 Hun, 165; *People ex rel. Stokes* v. *Riseley,* 38 id. 280; *People* v. *Nash,* 12 N. Y. Wkly. Dig. 545; *Lattimore* v. *People,* 10 How. 336; *People ex rel. Kane* v. *Sloane,* 98 App. Div. 450, 455.

These cases are authority for the proposition that, the fine

being for a larger sum than the Court of Special Sessions was authorized to impose, the sentence was absolutely void and the judgment entered thereon unauthorized.

Having reached this conclusion, it is unnecessary for me to review in detail the several other grounds upon which this appeal is based.

The judgment of conviction herein should be reversed and declared null and void.

An order may be entered accordingly.