## SUPREME COURT — ALBANY SPECIAL TERM.

### January, 1924.

## THE PEOPLE v. WILLIAM A. HUMPHREY ET AL.

### (122 Misc. 303.)

(1) POLICE JUSTICE—JURISDICTION.

The presumption is that a public official does his duty and acts within his authority. The police justice of the city of Albany being ill and unable to attend to business, one of the justices of the City Court, as authorized by section 181 of the Second Class Cities Law, took bail for the appearance of one charged with grand larceny, for examination before the said police justice on a day certain, and upon his failure to appear at the time his bail was declared forfeited by the said police justice. At the taking of the bail no affidavit was filed showing that the police justice was incapacitated. *Held*, that the record being silent, the presumption was that the acting magistrate in taking the bail did his duty and acted within his authority.

(2) SAME—MOTION TO OPEN DEFAULT IN ACTION ON BAIL BOND DENIED.

A motion for leave to open the default taken in an action upon the bail bond and to interpose a proposed answer pleading as a defense to the action that there was no written proof before the acting magistrate that the police justice was under a disability as set forth in section 181 of the Second Class Cities Law, or was incapacitated under section 550 of the Code of Criminal Procedure, will be denied on the ground that no defense of any kind was set up in the proposed answer.

MOTION by defendant to open a default and serve an answer in an action on a defaulted bail bond.

*Michael D. Reilly,* for motion.

*Charles J. Herrick, Albany County District Attorney,*
opposed.

NICHOLS, J.:

On June 26, 1922, one Margaret Donahue swore out an information in the Police Court of the city of Albany, charging one Roy H. Kinloch with the crime of grand larceny. Upon such information a warrant was duly issued by John J. Brady, police justice of the city of Albany, and said Kinloch was arretsed and arraigned before said Brady on June 26, 1922. Said case was duly adjourned until the 10th day of July, 1922, and said police justice admitted Kinloch to bail for examination and fixed the bail at $7,500. At that time said Kinloch was unable to furnish said bail and was duly committed to jail until he should so furnish same.

At that time Henry Hirschfeld was one of the justices of the City Court of the city of Albany. By section 181 of the Second Class Cities Law it is provided, among other things, as follows: " In case of the absence or disability of the police justice or of a vacancy in the office, any city judge or judge of the municipal court shall perform the duties of the office until the police justice returns, his disability cease or the vacancy is filled."

At about eleven o'clock in the evening of June 26, 1922, the said sureties, Humphrey and Sigler, called at the home of said Hirschfeld and stated that they were unable to find the said Police Justice Brady, and requested said Hirschfeld to admit said Kinloch to bail in the amount so fixed by Magistrate Brady. Thereupon said Hirschfeld telephoned to said Brady and was informed by a representative of said Brady that Justice Brady was ill and unable to attend to business, and that said Hirschfeld should act as justice of the Police Court of the city of Albany in the place of said Brady and to admit said Kinloch to bail in the sum of $7,500 theretofore fixed by Justice Brady. Thereupon said Hirschfeld proceeded to act

as police justice and said Humphrey and said Sigler qualified as sureties on the bail bond of said Kinloch, and thereupon said Kinloch was admitted to bail and discharged from the Albany county jail where he was confined. Said bail was given to insure the appearance of said Kinloch for examination before Justice Brady, police justice of the city of Albany, on the 10th day of July, 1922, at which time said Kinloch failed to appear, and his said bail was declared forfeited by Justice Brady. An action was commenced on said bond on the 24th day of November, 1922. The attorney for the defendant William A. Humphrey appeared in said action and secured several extenions of time to plead. No answer was served, however, and on November 26, 1923, judgment was entered against the defendants Humphrey and Sigler.

The defendant Humphrey here asks leave to open the default and interpose an answer. The principal fact relied upon, upon this argument, as a defense to the action, is the fact that there was no written proof before said acting Magistrate Hirschfeld that Police Justice Brady was under a disability as set forth in section 181 of the Second Class Cities Law, or was incapacitated as provided by section 550 of the Code of Criminal Procedure. Section 550 of the Code of Criminal Procedure provides as follows:

" § 550. Admission to bail, defined.—When the defendant is held to appear for examination, bail for such appearance may be taken either,

1. By the magistrate who issued the warrant or before whom the same is returnable, or in case both of said magistrates are incapacitated or are absent from the jurisdiction, and in case the amount of bail shall have been fixed by one or other of them, any other magistrate of like jurisdiction."

Section 165 of the Code of Criminal Procedure also provides as follows:

" § 165. Defendant in all cases to be taken before a magistrate without delay.—The defendant must in all cases be

taken before the magistrate without unnecessary delay, and he may give bail at any hour of the day or night."

Section 192 of the Code of Criminal Procedure also provides as follows:

" On adjournment, defendant to be committed, or discharged on deposit of money.—If an adjournment be had for any cause, the magistrate must commit the defendant for examination, or discharge him from custody, upon his giving bail to appear during the examination, or upon the deposit of money as provided in this Code, to make sure of his appearance at the time to which the examination is adjourned."

At the time acting Magistrate Hirschfeld took the bail, no affidavit of any kind was filed showing that Magistrate Brady was incapacitated. In the Supreme Court, which is a court of general jurisdiction, while every reasonable doubt upon any question of law or fact upon the guilt or innocence of the accued should be solved in his favor, doubts as to jurisdiction may be solved in favor of the tribunal exercising it, unless by so doing some established rule of law will be palpably violated. Smith v. People, 47 N. Y. 341; cited and approved in People v. Washor, 196 id. 104, 107. In volume 16 of Corpus Juris (p. 183, § 255K, *"Presumption as to Jurisdiction,"* " 2. *Courts of Limited Jurisdiction"*) it appears that " The record of a criminal court of limited jurisdiction must show affirmatively such facts as confer jurisdiction, and generally no presumption is indulged in favor thereof. But the presumption that an official did his duty and acted within his authority is recognized in connection with criminal courts, where the record is silent, so that if jurisdiction is obtained the validity of a judgment will not be affected by mere irregularity and want of form in the proceedings."

The record being silent, the presumption is that acting Magistrate Hirschfeld did his duty and acted within his authority in admitting said Kinloch to bail; and, therefore, no defense of any kind is set up by the defendant William A.

Humphrey in his proposed answer attached to the moving papers herein.

The motion of the defendant Humphrey to vacate the judgment docketed in the Albany county clrek's office November 26, 1923, must be denied, with ten dollars costs.

Ordered accordingly.