THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* BENJAMIN MITTLEMAN, Defendant.

County Court, Delaware County, January 29, 1934.

*Robert B. Craft, District Attorney*, for the People.

*Lewis G. Carpenter*, for the defendant.

O'CONNOR, J. This is a proceeding on a writ of habeas corpus procured by the defendant, who was convicted before C. E. Barnes, acting police justice of the village of Hancock, Delaware county, N. Y., on the complaint and information charging him with the crime of selling liquors without a license in violation of section 132-a of the Alcoholic Beverage Control Law of the State of New York. The defendant was convicted upon a plea of guilty and sentenced to imprisonment " in Delaware County Jail for 180 days or pay a fine of $200 and be imprisoned in the Delaware County Jail until said fine was paid not exceeding 180 days." The words quoted are the language used in the commitment delivered to the sheriff with the defendant and under which he was held at the time the writ of habeas corpus was procured. The information charged the defendant with selling one pint of liquor for the sum of one dollar and seventy-five cents and alleges that the defendant had only a license to sell beer and wine and did not have a license to sell liquor.

Defendant contends that as he sold liquor he did not violate section 132-a of the Alcoholic Beverage Control Law as charged nor did he violate any provision of the same as such law refers only to the sale of beer and wine and not to the sale of liquor. Prior to the amendment of the Alcoholic Beverage Control Law by the extraordinary session of the Legislature, defendant's contention would have been correct. But section 132-a was amended by section 1 of chapter 819 of the Laws of 1933, passed at the extraordinary session of the Legislature, and went into effect on August 29, 1933, prior to the sale charged in the information and former section 132-a was repealed by the same act. Section 132-a, as so amended, so far as is material here, provides:

" 1. Notwithstanding the repeal, prior to April first, nineteen hundred thirty-four, of the eighteenth article of amendment to the constitution of the United States, no liquors or wines as here-

inafter defined, shall either be manufactured for sale or sold at wholesale or retail within the state without a license therefor issued by the state board as hereinafter provided.

" 2. As used in this section (a) ' liquors ' means and includes any and all distilled or rectified spirits, alcohol, brandy, whiskey, rum, gin or similar distilled alcoholic beverages, including all dilutions and mixtures of one or more of the foregoing." ·

This disposes of the first contention of the defendant.

Defendant also contends that the acting police justice of the village of Hancock was without jurisdiction to hear and determine the guilt or innocence of the defendant for the reason that the Court of Special Sessions is a court of limited jurisdiction and cannot impose a fine of more than fifty dollars, and having imposed a fine of $200, the sentence is void.

This question has been determined adversely to the defendant by the Appellate Division, Third Department, in *People* v. *Kraft* (229 App. Div. 281), where it is held that under section 182 of the Village Law, which provides, in part, that the police justice of a village may hold a Court of Special Sessions therein and shall have in the first instance exclusive jurisdiction to hear, try and determine charges of any misdemeanor committed within such village, and section 717 of the Code of Criminal Procedure, as amended by chapter 720 of the Laws of 1926, which provides that the Court of Special Sessions may impose a fine or imprisonment, or both, as the case may require, but that the fine cannot exceed fifty dollars nor the imprisonment six months *except where otherwise provided by law or ordinance*, the Court of Special Sessions has jurisdiction and may impose the punishment provided by statute regardless of the former limitation that the fine could not exceed fifty dollars and the imprisonment six months. Mr. Justice DAVIS wrote a very learned, exhaustive and convincing opinion in the *Kraft* case and it is unnecessary for me to do other than to refer to it here. This decision was approved by the Court of Appeals in *People* v. *Monahan* (257 N. Y. 388), and it is decisive of this question.

A justice of the peace, however, sitting as a Court of Special Sessions, does not have jurisdiction of a violation of the Alcoholic Beverage Control Law for the reason that such jurisdiction is not conferred upon him by section 56 of the Code of Criminal Procedure or by any other statute. A Court of Special Sessions is a court of limited jurisdiction and has jurisdiction only in those cases where the statute expressly confers such jurisdiction upon it. (*People* v. *Kraft, supra; People* v. *Lord,* 142 Misc. 740.) A justice of the peace would not, therefore, have jurisdiction to try a person

charged with a violation of this law but could only hold him after examination for the grand jury.

Defendant further contends that C. E. Barnes, who is a justice of the peace of the town of Hancock, had no right to act as police justice without an affidavit or certificate showing that the regular police justice was absent, sick or disqualified so that he could not act. It is not necessary for this court to decide this question, but it has been held that even in criminal cases doubts as to jurisdiction may be solved in favor of the tribunal exercising it, unless by so doing some established rule of law will be palpably violated. (*People* v. *Humphrey*, 122 Misc. 303; *Smith* v. *People*, 47 N. Y. 330.)

Finally, the defendant submits the proposition that the sentence imposed by the acting police justice, acting as a Court of Special Sessions, was in the disjunctive and, therefore, ambiguous, uncertain, erroneous and void. The sentence, as noted above, was that the defendant be imprisoned in the Delaware county jail for 180 days or pay a fine of $200 and be imprisoned in the Delaware county jail until the said fine was paid, not exceeding 180 days. Such a sentence has repeatedly been held to be void for uncertainty. (*Matter of Hoffman*, 1 N. Y. Crim. Rep. 484; 2 Dugan Law & Prac. Justice Courts, 169; *Matter of Graham*, 138 U. S. 461; *People ex rel. Friedman* v. *Hayes*, 172 App. Div. 442, at p. 445; *People* v. *DeGraff*, 56 Misc. 429; *People* v. *Carter*, 48 Hun, 165; *Matter of Bray*, 12 N. Y. Supp. 366; *People ex rel. Johnson* v. *Webster*, 92 Hun, 378.)

If an appeal had been taken to the County Court, the court could have corrected the error and imposed a proper sentence upon the defendant and could have rendered the judgment, which the court below should have rendered, or reversed the judgment in whole or in part, order a new trial or modify the sentence. (Code Crim. Proc. § 764.) But the matter having been brought on by writ of habeas corpus, this court has nothing to do with the sentence except to determine whether it was in excess of the power of the court or was void. (*People ex rel. Hubert* v. *Kaiser*, 150 App. Div. 541.) If the court imposing the sentence were a continuing court, this court would have power to remit the record to the Court of Special Sessions for further judgment. However, the Court of Special Sessions is not a continuing court so far as the matter at issue in this proceeding is concerned, but is organized and exists only for the trial of each particular case and becomes *functus officio* when a judgment is rendered therein. (*People* v. *Kraft, supra*, at p. 283.) This court has no power to remit the record in this case to the Court of Special Sessions for further judgment. (*People* v. *Carter*, 48

Hun, 165; *People ex rel. Johnson* v. *Webster*, 92 id. 378.) We have held that the Court of Special Sessions was a continuing court where sentence had been suspended (*People* v. *Foote*, 144 Misc. 134), but that was because the statute expressly so provided (Code of Crim. Proc. § 470-a).

Therefore, there is nothing for this court to do but declare the judgment void and order the release of the defendant.

However, the defendant has not been put in jeopardy by the proceedings already had because section 1269 of the Civil Practice Act provides in part as follows: "A prisoner who has been discharged by a final order made upon a writ of habeas corpus or certiorari, issued as prescribed in this article, shall not be again imprisoned, restrained, or kept in custody, for the same cause. But it is not deemed to be the same cause, in either of the following cases: * * *

" 2. Where he has been discharged in a criminal cause for defect of proof or for a material defect in the commitment; and is afterwards arrested on sufficient proof, and committed by a lawful mandate for the same offence."

This is so even though the defendant has served a part of the sentence imposed upon him by the Court of Special Sessions. (*People ex rel. Friedman* v. *Hayes*, 172 App. Div. 442.)

An order may be made discharging the defendant.