THE CITY OF ROCHESTER, Respondent, *v.* GEORGE C. NEWTON, Appellant.

County Court, Monroe County, December 21, 1938.

*Weldgen, Newton, Morgan & Little* [*John C. Little, Jr.*, of counsel], for the appellant.

*Daniel J. O'Mara, District Attorney* [*Harry L. Rosenthal* of counsel], for the respondent.

KOHLMETZ, J. On June 7, 1938, the defendant was arraigned in the City Court of Rochester, Criminal Branch, on the charge of operating an automobile at a speed in excess of thirty miles per hour in violation of section 98 of the Public Safety Ordinance of the City of Rochester, relating to traffic and he pleaded guilty to the charge. In answer to questions put by the court, the defendant stated that he was driving his father's car and that he carried no public liability insurance. The court then said: "I am going to adjourn this one week for sentence and at that time will fine you somewhere in the neighborhood of Sixty Dollars and give you an option of paying that fine in full or if you bring in a public liability policy covering that car, I will suspend as much of that fine

as it will take to pay for that policy, providing it is kept in force and it is filed here with the Clerk of the Court for one year. If you can't pay the fine I will suspend sentence on condition you leave your operator's license here with the Clerk of the Court for a period of sixty days so you do not drive a car for sixty days." The defendant asked the following question: " Is there any local, State or Federal law which permits you to make us get insurance? " In answer to that question the court said: " I am not making you get insurance. I am giving you that option. When I am imposing these options the person who. is the defendant has the option of paying the fine in full if he desires to. However, the Court is giving him an opportunity to get part of that fine suspended provided he gets insurance." The case was adjourned to June 14, 1938, at which time the defendant appeared for sentence, in person and by Mr. Dallas Newton, his father, who is a lawyer. After a lengthy discussion between Mr. Dallas Newton and the court as to the legality of the sentence the court said: " The Court imposes a fine of Sixty Dollars which you may pay if you so desire. However, inasmuch as you were driving your father's car and it was a family car and your father tells me you were driving it with his permission, the Court will give you the opportunity of having part of that fine suspended provided you file a public liability insurance policy covering that car with the Clerk of this Court. Are you ready to do that? " In answer to the question put by the court, Mr. Dallas Newton, the father of the defendant, said: " There will be no liability insurance put on that car." The court then made the following statement: " The Court also gives you the opportunity of having the entire fine suspended on condition that you leave your operator's license with the Court for a period of sixty days and that you do not drive a car for that period. You understand that if the Court does suspend the payment of that fine it is on condition you are not to drive a car for that length of time. Now you have the privilege of paying Sixty Dollars fine or having it suspended on the conditions outlined by the Court." It might also be added that in the discussion between the court and Mr. Dallas Newton, the court made this statement: " The sentence of the Court as it puts it is entirely up to the defendant, it is optional."

The sole question on this appeal is the legality of the sentence imposed by the court. In my opinion the judge had no power to impose the conditions stated above. The imposition of a fine of sixty dollars was a legal sentence and one which the court had the authority to impose. If he had stopped there, this court could find no reason for disturbing the judgment, except possibly,

on the ground that the fine was excessive. The court, however, in imposing this fine, gave the defendant the privilege of either paying it or relieving himself of either paying part of it or the whole of it by complying with certain conditions or options, as he called it. He gave the defendant two options, the exercise of either of which would change the amount of the fine if the defendant chose to exercise the options. Under the first option, the defendant had an opportunity of "having part of the fine suspended provided he filed a public liability insurance policy covering that car with the Clerk of the Court." Under the other option, the court gave the defendant the opportunity of having the entire fine suspended on the condition that "he leave his operator's license with the Court for a period of sixty days and that he do not drive a car for that period." Giving an option to a defendant to fix the amount of a fine is not only unusual but entirely without legal sanction. It is clear from the record in this case that the court endeavored to bargain with the defendant as to what his sentence should be. I have never heard of that practice in passing judgment in a criminal case and I am satisfied that the law does not recognize such methods. The court must determine the sentence and I know of no provision of the statutes which gives the court the power to make it optional with the defendant. The effect of the court's disposition of this case would be to allow the defendant to fix the amount of the fine himself. I know of no law permitting such procedure.

It has long been established that the sentence of a court in a criminal action must be certain and definite and must not be in the alternative. In the absence of a statute authorizing it, an alternative sentence cannot be imposed. (Bishop on Criminal Procedure, §§ 870, 875; *People* v. *Mittleman*, 150 Misc. 394; *Brownbridge* v. *People*, 38 Mich. 751; *Matter of Bray*, 12 N. Y. Supp. 366.)

In 16 Corpus Juris (p. 1303, § 3078) the following statement will be found: "The sentence should be certain and definite * * *. It must not depend on any condition, or contingency, nor be made subject to a future decision * * *. Alternative sentence. In the absence of statute authorizing it, a sentence directing the alternative punishment of fine or imprisonment is void for uncertainty."

As stated above, the imposition of a fine of sixty dollars was a definite sentence but the court made it an alternative one when it allowed the defendant to change that sentence by complying with certain conditions. When the court stated that the defendant could pay the fine if he so desired, or have part or the whole of the fine suspended by exercising certain options, he made the fine

an alternative one, which under the law he had no authority to do. In other words, by imposing the conditions he rendered invalid a sentence which would otherwise be legal.

Upon defendant's plea of guilty, the court was limited in his disposition of the case to the provisions of section 2188 of the Penal Law. That section provides that upon conviction the court may (1) suspend sentence, or (2) impose sentence and suspend the execution of the judgment. Under this section if sentence is imposed and execution of the judgment is suspended, the authority of the court is confined to the suspension of the entire sentence, not merely part of it. (*Matter of Kuney,* 5 N. Y. Supp. [2d] 644, 662.) In the instant case the court suspended the execution of part of the judgment upon compliance by the defendant of the condition that he place liability insurance on the car. This the court was not authorized to do under my interpretation of section 2188 of the Penal Law and the opinion of Mr. Justice PECORA in the case just cited.

While I do not intend to hold in this opinion that upon the suspension of a sentence or of the execution of a judgment, without placing the defendant on probation, the court has no power to impose a condition, I am in grave doubt as to whether or not the court has such power. However, assuming that the court has such power, the condition imposed by the court must be a reasonable one. It was not a proper exercise of the discretion of the court to suspend part of the fine imposed upon condition that the defendant " file a public liability insurance policy covering that car with the clerk of the court." The condition imposed was unreasonable. It appears from the record that the defendant was not the owner of the car. A requirement by the court that the defendant pay liability insurance on a car that he does not own, and in which he has no insurable interest, certainly cannot be regarded as a sensible, just or reasonable condition. It is difficult to understand how the court could require the defendant in this case to place insurance on a car that he did not own and thereby save part of his fine.

Even if the defendant did own the car, I believe that the condition imposed by the court requiring liability insurance would have been an unreasonable one. The Legislature has not as yet enacted a law compelling automobile liability insurance, and it seems to me that it is an unreasonable exercise of judicial power for a judge in a criminal proceeding to do what the Legislature has not required automobile owners to do. It is common knowledge, too, that many automobile owners do not carry liability insurance because they cannot afford to pay the premium. It would be manifestly unjust to impose a fine or a term of imprisonment on

that class of automobile owners because they are financially unable to pay for insurance, when at the same time owners who are able to pay insurance escape with a small fine or no fine at all. The effect of such a condition is to favor those owners who are fortunate enough to be driving an insured car when they violate a traffic ordinance. I believe that it is unfair and unjust to punish an uninsured violator to a greater degree than that meted out to an insured violator.

My conclusion, therefore, is that the sentence imposed on the defendant was not authorized by law and is illegal. However, inasmuch as the defendant pleaded guilty to this charge, it is also my conclusion that the conviction of the defendant upon his plea of guilty was legal. In my opinion the fine imposed in this case is excessive, and, pursuant to the authority given to this court by section 764 of the Code of Criminal Procedure, the judgment of the City Court of Rochester, Criminal Branch, should be modified by reducing the amount of the fine from sixty dollars to the sum of ten dollars, and, as so modified, the judgment should be affirmed.

Let an order be entered accordingly.