THE CITY OF ROCHESTER, Respondent, *v.* MARSHALL L. DRUMMOND, Appellant.

County Court, Monroe County, May 4, 1939.

*Weldgen, Newton, Morgan & Little* [*John C. Little, Jr.,* of counsel], for the appellant.

*Daniel J. O'Mara, District Attorney* [*Harry L. Rosenthal* of counsel], for the respondent.

KOHLMETZ, J. On March 1, 1939, the defendant was arraigned in the City Court of Rochester, Criminal Branch, on a charge of operating an automobile outside the limited district, upon a public street, to wit, East avenue, at a rate of speed exceeding thirty-five miles an hour. He pleaded guilty to the charge, whereupon the following dialogue between the court and the defendant took place: " Court: I will adjourn this one week from today for sentence, and at that time will impose a fine of fifty dollars. I will suspend execution of the sentence however, if you file with the court a public liability insurance policy in the sum of Five to Ten Thousand

Dollars for one year. If you accept that condition and file the policy with the court I will suspend the fifty dollars fine. Defendant: I have insurance with Hayes-Sharp and Haggerty already. Court: I want a policy filed with the court for one whole year. I will adjourn this to March 8th, you will have to get a new policy for one whole year, and the court will suspend sentence only on condition that you file such a policy for a full one year term with the court. You understand it? Defendant: Yes sir."

On March eighth the court asked the defendant if he refused to accept the condition and when the defendant answered " Yes, sir," the court imposed a fine of fifty dollars.

The sole question to be determined upon this appeal is whether or not the condition that the court imposed on the defendant as a condition precedent to his receiving a suspension of the execution of the judgment, is authorized by law. This identical question was fully, completely and squarely answered in the case of *City of Rochester* v. *Newton* (169 Misc. 726), on an appeal to this court from a decision made in the City Court by the same judge who imposed the fine in the instant case. The *Newton* case holds squarely that the imposition of the condition mentioned above is illegal. That case and the one at bar are exactly parallel. The principles involved are the same in both cases and the reasoning of the *Newton* case applies with equal force to the instant case. It naturally follows that the ruling in the case before us must be the same as that in the *Newton* case, which is, that the condition that the defendant must file a public liability insurance policy in order to receive a suspension of judgment is without sanction in law and cannot legally be imposed.

Furthermore, I do not believe that the law tolerates the imposition of an unreasonable condition in order to obtain from the committing magistrate a suspension of the execution of a judgment. In the *Newton* case the condition was held to be unreasonable for the reason that the defendant upon whom the condition was imposed was not the owner of the car. The condition imposed in the instant case is, in my opinion, much more unreasonable than the one in the *Newton* case. When the judge informed the defendant that he would be obliged to file a public liability insurance policy for one year, the defendant told him that he already had insurance. The court then told the defendant that he would have to get a " new policy for one whole year." The defendant in this case happens to be a dealer in used cars and carries a blanket policy on all of the cars that he has in stock. To require him to cancel the policy that he now has so that he could get a new one, would mean that he would be obliged to cancel the policy on all the cars that he happened

to have in stock, at an unjustified expense to the defendant. To force the defendant to do this in order to save the imposition of a fine was not only extremely unreasonable, but was unauthorized by law.

My conclusion is that the sentence imposed on the defendant was not authorized by law and is illegal. However, inasmuch as the defendant pleaded guilty to this charge, it is also my conclusion that the conviction of the defendant upon his plea of guilty was legal. In my opinion the fine imposed in this case is excessive, and, pursuant to the authority given to this court by section 764 of the Code of Criminal Procedure, the judgment of the City Court of Rochester, Criminal Branch, should be modified by reducing the amount of the fine from fifty dollars to the sum of ten dollars, and, as so modified, the judgment should be affirmed.

Let an order be entered accordingly.