[No. 41159. En Banc. December 3, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. HAROLD EARL SPENCER, JR., *Appellant*.*

PER CURIAM.—Appellant was found guilty of the unlawful sale of cannabis sativa or marijuana under the provisions of RCW 69.33.410, on June 19, 1969. On that date, a notice of appeal was entered. In *State v. Zornes*, 78 Wn.2d 9, 475 P.2d 109 (1970), we held that the Uniform Narcotic Drug Act (RCW 69.33) becomes inapplicable to a criminal offense involving marijuana, whether the proceeding be at the prosecution stage or pending appeal, as of the effective date of Laws of 1969, Ex. Ses., ch. 256, § 7(13), which removed marijuana from the scope of the act. Since the appeal is now pending, the judgment in this case must be reversed and the action dismissed. It is so ordered.

ROSELLINI, J. (concurring)—While Hale, J., remains adamant that this court should order cases tried under RCW 69.33 remanded for sentencing under RCW 69.40, he has yet to cite authority for the proposition that a defendant charged and tried under one act can be lawfully sentenced under another.

In *State v. Williams*, 78 Wn.2d 459, 475 P.2d 100 (1970), this court said, at page 460:

> Since none of the provisions of the Uniform Narcotic Drug Act apply to the appellant's alleged act, a prosecution under the act cannot stand. *State v. Zornes, supra* [78 Wn.2d 9, 475 P.2d 109 (1970)]. We know of no authority for the proposition that a defendant can be tried under an act which the legislature has decreed does not apply to his offense and be sentenced according to the penalties of a different act under which he was neither charged, tried nor convicted.

*Reported in 477 P.2d 639.

In *Weems v. United States,* 217 U.S. 349, 381, 54 L. Ed. 793, 30 S. Ct. 544 (1910), the United States Supreme Court, quoting from *In re Graham,* 138 U.S. 461, 34 L. Ed. 1051, 11 S. Ct. 363 (1890), said that it was recognized to be

"the general rule that a judgment rendered by a court in a criminal case must conform strictly to the statute, and that any variation from its provisions, either in the character or the extent of punishment inflicted, renders the judgment absolutely void. . . ."

The court has no choice but to dismiss the action.

FINLEY, J., concurs with ROSELLINI, J.

HALE, J. (dissenting)—In *State v. Zornes,* 78 Wn.2d 9, 475 P.2d 109 (1970), the court not only vacated a judgment and sentence but erroneously, I think, directed that the information be dismissed. In *State v. Williams,* 78 Wn.2d 459, 475 P.2d 100 (1970), where the defendant had been convicted under RCW 69.33.410(4) of the sale of marijuana to a minor, clearly a felony under the dangerous drug act, too, RCW 69.40.070(4), this court again not only ordered the judgment vacated but directed that the information be dismissed. I would not, as I fear the court has done, thrice make the same error and accordingly, dissent.

Being unable in the pantheon of judicial powers to locate the source of such sweeping authority which the court now seemingly wields in striking down pending criminal prosecutions, I think this cause should be remanded to the trial court for imposition of sentence under the dangerous drug act.