[No. 41073. En Banc. December 3, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. PHILIP DANE STOUT, *Appellant.**

*H. John Aitken,* for appellant (appointed counsel for appeal).

PER CURIAM.—Appellant was found guilty of the unlawful sale of cannabis sativa or marijuana under the provisions of RCW 69.33.410, on May 9, 1969. On that date, a notice of appeal was entered. In *State v. Zornes,* 78 Wn.2d 9, 475 P.2d 109 (1970), we held that the Uniform Narcotic Drug Act (RCW 69.33) becomes inapplicable to a criminal offense involving marijuana, whether the proceeding be at the prosecution stage or pending appeal, as of the effective date of Laws of 1969, Ex. Ses., ch. 256, § 7(13), which removed marijuana from the scope of the act. Since the appeal is now pending, the judgment in this case must be reversed and the action dismissed. It is so ordered.

ROSELLINI, J. (concurring)—While Hale, J., remains adamant that this court should order cases tried under RCW 69.33 remanded for sentencing under RCW 69.40, he has yet to cite authority for the proposition that a defendant charged and tried under one act can be lawfully sentenced under another.

In *State v. Williams,* 78 Wn.2d 459, 475 P.2d 100 (1970), this court said, at page 460:

Since none of the provisions of the Uniform Narcotic Drug Act apply to the appellant's alleged act, a prosecution under the act cannot stand. *State v. Zornes, supra* [78 Wn.2d 9, 475 P.2d 109 (1970)]. We know of no authority for the proposition that a defendant can be tried under an act which the legislature has decreed does

*Reported in 477 P.2d 640.

not apply to his offense and be sentenced according to the penalties of a different act under which he was neither charged, tried nor convicted.

In *Weems v. United States,* 217 U.S. 349, 381, 54 L. Ed. 793, 30 S. Ct. 544 (1910), the United States Supreme Court, quoting from *In re Graham,* 138 U.S. 461, 34 L. Ed. 1051, 11 S. Ct. 363 (1890), said that it was recognized to be

"the general rule that a judgment rendered by a court in a criminal case must conform strictly to the statute, and that any variation from its provisions, either in the character or the extent of punishment inflicted, renders the judgment absolutely void. . . ."

The court has no choice but to dismiss the action.

FINLEY, J., concurs with ROSELLINI, J.

HALE, J. (dissenting)—Pleading the particular section of the statute under which an information or indictment is brought, while perhaps timesaving, does no more than plead a conclusion of law and amounts simply to a helpful surplusage. The sale of marijuana by appellant was on May 9, 1969, the date of his conviction, a felony under RCW 69.33.410 of the Uniform Narcotic Drug Act. When crimes involving marijuana were removed from the Uniform Narcotic Drug Act and placed under the dangerous drug act, Laws of 1969, Ex. Ses., ch. 256, § 7(13), RCW 69.40, this same offense, *i.e.,* the unlawful sale of marijuana remained a felony. RCW 69.40.070(5). The crime was not expunged from the books; the legislature did not make the sale of marijuana lawful. Both the sale of marijuana or possession of it with intent to sell remained punishable as felonies. RCW 69.40.070(5). And the legislature did not require that the state, in charging the unlawful sale of marijuana, plead either its evidence or conclusions of law respecting the crime charged.

Both the information and the judgment of guilt in this case are good. All that should or remains to be done under *State v. Zornes,* 78 Wn.2d 9, 475 P.2d 109 (1970), is remand the cause for resentencing under RCW 69.40.070(5). I think no authority is necessary to establish the obvious

proposition that, if an information charges a crime, as defined by statute, the statutory section under which it is laid need not be pleaded. The defendant was and is still guilty of the offense charged: the unlawful sale of marijuana.

I consider it both unwarranted in law and an unconstitutional trespass upon the power of the executive branch of government for the court, as it has done in other marijuana cases, to order this case dismissed. *See State v. Zornes, supra; State v. Williams,* 78 Wn.2d 459, 475 P.2d 100 (1970); *State v. Spencer,* 78 Wn.2d 549, 477 P.2d 639 (1970). Therefore, I dissent.